## CRUMMER v. CRUMMER
(No. 1719; Jan. 25th, 1932; 7 Pac. (2d) 223)

2

For the appellant there was a brief by *Daniels & Dawson,* of Douglas, Wyoming.

For the respondent there was a brief by *Alex B. King,* of Casper, Wyoming, and *Joseph Garst,* of Douglas, Wyoming.

RINER, Justice.

This case is one wherein plaintiff and appellant, Thomas H. Crummer, seeks the review of a judgment of the District Court of Converse County decreeing defendant and respondent, Grace M. Crummer, a divorce from him and awarding to her the custody of their three children, who, on December 22, 1930, the date of the judgment were aged respectively six, four, and three years.

Plaintiff himself originally brought the action, praying that a divorce be granted him and that he be given the custody of the children of the marriage. Defendant filed an answer in the nature of a general denial and also a cross-petition, charging plaintiff with "extreme and repeated acts of cruelty towards" her in that plaintiff "struck defendant a number of times and for the past few years has cursed her, used indecent and obscene language before her and before her said children, * * * complained almost continuously at defendant for almost every conceivable cause and on almost every occasion when the parties were together," his general demeanor being such as to cause her great mental pain, suffering and anguish, which affected her health and happiness. There were other charges made but the foregoing summary states the principal matters in issue. The prayer of the cross-petition likewise was for the dissolution of the marriage bonds between the parties and that the care of their children be awarded to the defendant. Plaintiff filed a reply denying the allegations of the answer and cross-petition.

When the case came on for trial, plaintiff dismissed his petition and the cause proceeded upon the issues made up by the cross-petition and reply aforesaid. The judgment rendered and now in question found generally in favor of

the defendant and against the plaintiff and that the allegations of the cross-petition were sustained by the evidence. It was accordingly decreed that defendant be granted a divorce from plaintiff and also that she be awarded the custody of the minor children of the parties, plaintiff being given certain rights of visiting them under stated provisions. The judgment further provided that for the first five months following its rendition, defendant was allowed to remove the children temporarily out of the jurisdiction of the trial court, at the end of which period she was required to return them therein upon plaintiff's filing a request for her so to do with the Clerk of the District Court of Converse County, and that in the event of plaintiff's not filing such request, he should have the custody of the children during the months of June, July and August of each year. Certain monthly payments were also directed to be made into court by plaintiff to meet adjudged attorney's fees, alimony and support of the children—the amount of such payments for their care being equitably reduced in the event the father assumed their custody during the summer months, under the provisions of the decree as mentioned above.

It is contended that the evidence failed to support the judgment as regards the charge of extreme cruelty. While the testimony of the defendant was at times confused and her meaning not clear, we think that there was proof in the case sufficiently corroborated to enable the trial court to reach the conclusion that plaintiff had been guilty of some acts of serious physical violence upon defendant since their marriage in 1923; that he constantly used profane and vile language towards her and in the presence of their children; and that her health had become seriously impaired through plaintiff's conduct. Other acts of the plaintiff were testified to by defendant and corroborated by another witness, the nature of which it is not necessary to detail, which testimony, if believed by the court, bore definitely on the truth of the charge of extreme cruelty. The record discloses that although an order for alimony

*pendente lite* for the wife and support for the children was made, plaintiff, without apparent reason, paid very little attention thereto, and contempt proceedings to enforce the same were made necessary. When defendant fell sick and was obliged to go to a hospital for an operation, plaintiff never visited her nor paid any of the expenses necessarily arising, these being met by defendant's mother. It is true plaintiff denies the charges of illtreatment made by defendant against him, but this, of course, produced a conflict of testimony, the effect of which, when resolved by the trial court, has been so often mentioned in our decisions that it is unnecessary to repeat the rule here.

Complaint is made that the decree allowed the defendant to take the children out of the jurisdiction of the court temporarily. The rules governing a provision of that kind in a case of this nature have already been very fully discussed by this court in Stirrett v. Stirrett, 35 Wyo. 206, 248 Pac. 1. It is unnecessary to reiterate them. The welfare of the children was, necessarily, the paramount consideration for the guidance of the court. The terms of a decree dealing with such a matter are always subject to subsequent modification to meet changed conditions. Here it was shown that the wife and mother was not strong and had impaired health, as a result of her marital experiences. Doubtless she needed care which she could obtain at her mother's home in Bridgeport, Nebraska—not far from the borders of this state. One of the children was of school age. The plaintiff seems to have disclosed no means of properly caring for the children even had they been placed in his care. Ordinarily children of tender years, such as those involved in this unfortunate domestic cataclysm, need the attention and care which only a mother can furnish. We do not think the record here shows that any legal principle was violated, or the trial court's discretion abused by the judgment from which this appeal was taken, and it should be affirmed.

*Affirmed.*

KIMBALL, C. J., and BLUME, J., concur.