No. 15,284.

In re People in the Interest of Pedrick.

Fouts *v.* Pedrick et al.

(137 P. [2d] 1019)

Decided May 17, 1943.

Mr. David Allen, Mr. Samuel J. Frazin, for plaintiff in error.

Mr. H. A. Hicks, Jr., for defendant in error William Pedrick.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THIS case involves the custody of two minor children and comes here on a writ of error from the juvenile court of the City and County of Denver where that court after a two-day trial, denied the petition of the maternal grandmother of the children asking for their custody and awarded the custody of the daughter to her father and of the son to his mother. The parents at the time of entry of the order, May 7, 1942, were divorced, both had remarried, and a young son by her second marriage had been born to the mother. The record in the case begins when the mother of the two minors, Rosemary Pedrick, filed a petition in dependency on March 24, 1939, in relation to her daughter, Patricia Ann, at that time age six, and her son, William Davis Pedrick, Jr., then five months old. The petition appears to have been occasioned by the fact that she was contemplating separating from her husband, as a result of which the husband refused to support the children. March 31, 1939, the juvenile court ordered the husband, William Pedrick, father of the children, to pay into the registry of the court $8.50 a week. This support order was vacated on May 29, 1941, when the father relinquished his rights of visitation to the children whose custody had been awarded to their mother.

February 16, 1942, Cassie M. Fouts, maternal grandmother of the minors, filed her petition asking that she be permitted to intervene in the action and that the custody of the children be awarded to her, alleging that the home of her daughter (the mother of the children) was not suitable for the rearing of the children; that the present husband of her daughter, Espe, is not a good influence and that he is not financially able to maintain a suitable home for the children; that her daughter, the mother of the children, is tempermentally unsuited to care for them. She further alleged that she herself was a trained nurse, financially able to

assume their care; that her husband is employed as a gardener; that the children had spent a great deal of time in their home previously, and that their home was suitable.

April 20, 1942, William Pedrick, father of the children, petitioned the court to allow him to intervene, alleging that petitioner Fouts, the grandmother, was tempermentally unsuited to care for the children; that his former wife, Rosemary, was a fit and proper person to have the custody of their son, William Davis Pedrick, Jr., and that she had consented that he, the petitioner, should have the custody of their daughter, Patricia Ann.

At the termination of the trial on May 7, 1942, an order was entered taking temporary custodial care of the two minor children away from the maternal grandmother and placing custody of the son with his mother and that of the daughter with the father. Counsel for plaintiff in error duly excepted and applied for a stay of execution. The exception was noted, but the stay was denied.

Immediately thereafter, on May 8, 1942, plaintiff in error, the maternal grandmother, filed her petition in this court for stay of execution, Docket No. 15163. We forthwith granted a stay. Motion to dismiss without prejudice was filed by plaintiff in error July 9, 1942, which was granted July 16, 1942.

This case is now before us on application of plaintiff in error for writ of error, scire facias, and the request that the writ of error be treated as a supersedeas and that execution of the judgment of the trial court be stayed. Counsel for William Pedrick, defendant in error, joins with counsel for plaintiff in error in the request that the case be decided on the supersedeas application. Counsel for defendant in error, Rosemary Pedrick Espe, does not appear or sign the brief, but a note attached to brief of counsel for William Pedrick, defendant in error, shows that Neil Mincer, counsel for Rosemary Pedrick Espe, is in the army and that Rose-

mary Pedrick Espe, defendant in error, has disappeared and cannot be located. At the time of her disappearance she had the custody of the minor son involved in this proceeding, and from the briefs of counsel it appears that her disappearance occurred on May 7, 1942. It was known at the time that her husband, Espe, a non-commissioned officer stationed at Lowry Field, had orders transferring him to the eastern part of the country.

Counsel for plaintiff in error specify fourteen errors which may be comprehended in the following: 1. The trial court erred in admitting immaterial evidence tending to prejudice plaintiff in error's rights; 2. that it exceeded its authority in reading exhibits before they were offered in evidence; 3. allowing testimony as to reputation without proper foundation having first been laid; 4. allowing parol evidence to be introduced to explain and modify terms of a written agreement; 5. considering the expressions of the daughter, Patricia, as to where she would rather live; and 6. allowing hearsay evidence to be admitted over the objections of counsel for plaintiff in error.

We have examined the portions of the record pertaining to the various alleged errors. For the most part we feel that error has not been committed; and further that if there was error—in view of the fact that the trial in the juvenile court was not to a jury but to the court—that it was not prejudicial.

██ ██ Counsel for plaintiff in error laid great stress on the trial judge's remark that, in the absence of any showing of mental or moral incompetency, he would never take children away from their natural parents. Counsel assumes that this statement is contrary to the rule which prevails in this jurisdiction, that in proceedings involving the custody of minor children the primary and controlling factor is the interest and welfare of the children. Among the cases that counsel cites in support of this general proposition is *Averch v. Averch,*

104 Colo. 365, 90 P. (2d) 962, which announces the general rule above stated; but in that case we also made the statement, which we do not regard as conflicting with the general rule, that courts will not deprive a mother of the custody of her child unless it is shown clearly that she is so unfit a person as to endanger the child's welfare if she is permitted to retain its custody. In that case we quoted from Mr. Justice White's exhaustive opinion in *Wilson v. Mitchell,* 48 Colo. 454, 111 Pac. 21. In the latter case we quoted with approval from Justice Story's opinion in *United States v. Green,* 3 Mason's Rep. 482, 485, in which, after referring to the father's right to have the custody of his infant child, he said: "But this is not on account of any absolute right of the father, but for the benefit of the infant, the law presumes it to be for its interest to be under the nurture and care of its natural protector, both for maintenance and education." We further said: "We are firmly of the opinion that in all cases of this character the presumption is, that the parents are fit and suitable persons to be entrusted with the care of their minor children, and that the interests and welfare of such children are best subserved when under such care and control; that such presumption is like unto the presumption of innocence in a criminal case, ever present, throughout the controversy, until overcome by the most solid and substantial reasons established by plain and certain proofs."

We believe that here is another case where, on conflicting evidence which included the testimony of two officers of the juvenile court, we should not disturb the judgment of the trial court. We feel that the application of this rule is especially apt in this juvenile court case under the law as above set forth and where, in arriving at a correct result, so much depends upon the personal appraisal by the trial judge of the parties involved.

The judgment is affirmed.