No. 15,329.

ROSE *v.* THE PEOPLE ET AL.

(139 P. [2d] 261)

Decided June 21, 1943.

Mr. FANCHER SARCHET, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. WALLACE S. PORTH, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A PROCEEDING concerning dependency of plaintiff in error's two minor children, namely, Jackie Lou Rose, born April 28, 1937, and Geraldine Ann Rose, born September 29, 1938. Petition to the purpose indicated was filed March 2, 1942, by Mrs. Evelyn Brown, the children's maternal aunt. On the same day citation was issued to plaintiff in error, notifying her that hearing on the petition had been set for March 5, 1942, at a stated hour. There was no service of the citation, but plaintiff in error appeared at the appointed time and signed the following statement written at the foot of the petition: "I hereby request that Jackie Lou Rose and Geraldine Ann Rose, the children named in the foregoing petition, be declared and adjudged to be dependent and I hereby waive notice of hearing and citation."

Proceeding informally on the petition and waiver, the court found that the minors were dependent children and dependent upon the public for support; "that their father had abandoned said children and their parents are divorced, and that neither parent is a proper person to have their care, custody and control." The court immediately awarded the care, custody and control of said children to the petitioner, Mrs. Evelyn Brown, "until the further order of this court, upon the condition that said children, nor either of them, may not be removed from Larimer County unless by order of court previously obtained." It appears that theretofore Mrs. Rose had been receiving an award from the Larimer County Department of Public Welfare for the support of the children, and by consent of the public authorities, the award was continued to Mrs. Brown for the same purpose. April 22, 1942, the court made notation on the order that plaintiff in error, accompanied by Mrs. Earl Wylie, had called, and that: "Mrs. Rose may go to Los Angeles or vicinity and will want custody of her children if she becomes able to care for them. If *Mrs. Brown*

does not continue to have their custody, Mrs. Rose asks that she or Mrs. Wylie be notified, and that the children be not committed to State Home."

June 10, 1942, Earl J. Wylie and Gertrude Wylie, husband and wife, petitioned for the care and custody of the Rose children, stating that they were financially able to support them without assistance from the public. June 12, 1942, said application was served upon Mrs. Brown and her husband, and notice given that it would be presented to the court for action June 19, 1942. Not until August 7, 1942, however, was the Wylie petition considered by the court. On that date the matter was heard informally and the petition denied. In the same order note was made of the fact that while the order of March 5, 1942, recited a finding of the dependency of the minor children involved, "that by inadvertence the declaration of said dependency was not included in the decretal clause of the order." Proceeding further, to be effective as of March 5, 1942, the court decreed that "said two minor children * * *, are dependent and neglected children under the terms of the statute of the State of Colorado therefor providing." Immediately following that order, the court, acting on the petition of Mrs. Brown and her husband, filed June 25, 1942, entered an order of adoption of the said children by the said Browns. All orders entered in the matter were without service of citation on, or notice to, plaintiff in error, and with the exception of the order of March 5, 1942, were made in her absence.

December 21, 1942, plaintiff in error filed a motion in which she set forth that only then had she become apprised of the court order of August 7, 1942, adjudging her children to be dependent, and that counsel representing the people contended that said order was a final judgment; "that she has never heretofore been represented by counsel herein; that she has never been served with notice of hearing and citation herein; that she has not waived such notice, and that at all times until the

present she was ignorant of the proceedings herein, of the import and consequence of said proceedings, and her rights herein." She asked that the court set aside, cancel and annul all previous orders entered in the proceedings, and moved that said cause be set for trial, and demanded trial of the issues by "a jury of six, * * * as provided by statute."

This motion was supported by affidavit of plaintiff in error accompanying it, in which she stated that she is the respondent in the dependency matter filed March 2, 1942; that she is the mother of the children involved therein; that she has employed Fancher Sarchet to appear as counsel for her and file the motion to which the affidavit is attached; that she and the children were born in Larimer county, and have always resided there; that from the time of the birth of the children until the happenings March second, 1942 — already noted — they were in her care, custody and control; that for some months prior to said date she had found it difficult to support the children, and, acting on the request of her sister, Mrs. Evelyn Brown, she went to the county court of Larimer county, and was told that if her sister were granted the temporary custody of said children, the Larimer County Department of Public Welfare would pay said sister the sum of thirty dollars per month for the support and maintenance of said children; that she was asked to sign a consent to said sister having said temporary custody of them, was told where to sign, did sign her name as directed, and immediately afterwards delivered the custody of said children to her sister, who thereafter had their care, custody and control. Her affidavit contained a further statement of the matters of record already set forth, and particularly related an interview she had with the Judge of the court on April 22, 1942, which resulted in the notation made on the original order which has been quoted above. Proceeding on her understanding that the orders transferring custody of the children to her sister were only tempo-

rary and that her legal rights would not be jeopardized if she went to California in search of work, she did go to that state, secured employment and "is now well able to support and care for said children." She further stated that she had "intermarried with one Anthony Martinez; that her name is now Thelma Rose Martinez; that her said husband is steadily employed at the wage of $48.00 per week." Further, in her affidavit, she sets forth "that she was never given citation of the pendency of said action; that she was never given notice to appear in court; that said children were not in court; that there has never been a trial or determination of said cause; that she was not informed of the nature of said petition or of the consequences thereof; that she was wholly ignorant of such proceedings; that she did not read the request to which her signature is appended, would not have understood it if she had read it, was told, as heretofore stated, that the transfer of the custody of said children to said sister was temporary and was for the purpose of obtaining aid from the Department of Public Welfare; that when she went to the Judge of said court on the 22nd day of April, 1942, said Judge made a pencil memorandum of said visit and attached it to the file; that she at all times was under the impression she could have said children whenever she was able to support them; that ever since said second day of March, 1942, she has worked continuously to establish a home for said children and as heretofore stated, has now done so."

In opposition to the application of plaintiff in error to vacate orders and have a trial of the issues before a jury, affidavits were filed by the county attorney of Larimer county and Mrs. Evelyn Brown, already identified. These affidavits were to the effect that plaintiff in error did understand the orders, and in filing her consent to the first order that was entered she did so knowingly and freely. Although counsel for plaintiff in error, proceeding on the theory that the motion should be disposed of on affidavits, objected to the introduction of

oral testimony thereon, the court received testimony offered in opposition to the application. Mrs. Brown and her mother (also mother of plaintiff in error) testified. Mrs. Brown stated in her testimony that when she took the children she did not understand she was to have them permanently, and that if the mother rehabilitated herself, she could come to the court and through some arrangement could get them back. The purport of the testimony of the mother of Mrs. Brown and plaintiff in error, although called in opposition to the motion, was to the general effect that plaintiff in error did not understand that permanent orders depriving her of the custody of her children were entered or were to be entered. January 26, 1943, the motion to vacate orders and have trial of the issues to a jury, was denied.

Our study convinces that the parties—plaintiff in error and her sister, Mrs. Brown—wished the entry of orders calculated to serve in a crisis. The welfare authorities, making veiled insinuations that plaintiff in error was living a life that was not wholesome for the children involved, were threatening to cancel relief grants which plaintiff in error was receiving in their behalf. The same authorities, however, were not unmindful of the physical necessities of the children, and so, Mrs. Brown cooperating to that end, temporary orders contemplating changed environment for the children, and the continuance of public relief, were sought. In consonance therewith, and upon no other theory, as we think the record discloses, plaintiff in error yielded, and Mrs. Brown received, the temporary custody of the children, as per the orders of March 5, 1942. It is equally clear, as we perceive, that the court and the welfare authorities proceeded upon the same hypothesis. No decree—only findings were entered. The notation made on the order by the Judge in April when plaintiff in error, accompanied by her aunt, called in relation to the matter, is consistent with the view that the orders were temporary. Mrs. Brown testified at the hearing on the motion to vacate

**226**

orders and grant a formal trial, as above noted, that when she took the children she did not think she was to have them permanently. The welfare authorities observed their part of the compact by granting to Mrs. Brown relief in the sum enjoyed by the mother of the children previous to the March 5, 1942, orders. On the whole record, we are persuaded that plaintiff in error believed, and was justified in believing, the transfer of custody of her children to her sister was temporary, and that upon proper showing their custody was to be returned to her. On the major issue involved—the children's dependency—trial has not been had.

Premised on the foregoing, and mindful of the provisions of sections 2 and 4, chapter 33, '35 Colorado Statutes Annotated, and our pronouncements in *Kahm v. People*, 83 Colo. 300, 264 Pac. 718, and *Ziemer v. Wheeler*, 89 Colo. 242, 1 P. (2d) 579, we think the court should have granted plaintiff in error's motion.

Let the judgment be reversed, the court to vacate its orders, and if trial shall ensue, it should be to a jury upon the petition in dependency, and plaintiff in error's consent thereto disregarded.