No. 15,386.

NIELSEN *v*. NIELSEN ET AL.
(141 P. [2d] 415)

Decided September 13, 1943.

Mr. Harry Behm, for plaintiff in error.

Mr. Glenn L. Daly, Mr. Earl J. Hower, for defendants in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

This proceeding involves the alleged dependency and custody of the two-year old daughter of plaintiff in error. By order of the county court of Adams county, the child was decreed to be dependent and its custody was awarded to the paternal grandmother, Martha C. Miller, one of the defendants in error. The other defendant in error, Raymond C. Nielsen, the child's father, is now in the United States armed forces. The action is brought here for a review of the order of the trial court refusing to vacate its decree of dependency and order awarding custody to the grandmother.

As a background, it may be stated that the child's parents, who formerly had resided in Adams county, went to California prior to the birth of the child where they obtained employment in defense plants. The child who is the subject of the controversy was born July 29, 1940. Friction developed between the parents and as a result the father and his mother, Mrs. Miller, brought the child to Colorado where, on June 23, 1942, the father filed the petition in dependency. Depositions of several relatives of both parents and others were taken in California, and these depositions, all unfavorable to the mother, are set forth in the record. Hearing was had on the petition July 17, 1942, both parents and the child being present; however, the mother was not represented by counsel. The court decreed that the child was de-

pendent and neglected and awarded its custody to Mrs. Miller. On motion of the husband's attorney, the decree was amended September 9th to show a finding of residence in Colorado and an order issued requiring the father to support the child.

April 6, 1943, the mother filed a petition to vacate the decree of dependency, in which she alleges: That the matrimonial domicile of the parties from the date of their marriage was in California; that in May, 1942, the husband and his mother took the child from their home in California and brought it to Colorado without the knowledge of, or prior information to, the petitioner; that she later came to Colorado and was informed that she could not see her child because it was in the custody of the court, although no action was pending in court; that the child at the time was being kept at a boarding home; that when petitioner arrived a conference was held in the county judge's chambers and it was agreed that the parents would sell their furniture in California and make their home in Colorado; that pursuant to this agreement the petitioner did go to California and sell the furniture; that she returned to Colorado and that she and the child's father lived together as man and wife up to the date of the hearing, July 17, 1942. Mrs. Nielsen says that at the time she was served with summons her husband told her she did not need a lawyer; that the child would be left with his mother for a little while, and that they would go to California and return later for the child; that her husband and his family lulled her into a sense of security concerning the custody of the baby to get her into court to show some semblance of jurisdiction, and for the purpose of deceiving her as to what was to happen; that one Norman Miller, a relative of the husband, was a state humane officer and that he placed the child in a detention home; that the depositions on file herein were never read in open court and she was entirely ignorant of their contents and of their existence; that as soon as the trial

was concluded her husband's family expelled her from the home and told her that she might just as well consider her baby as dead and go back to California; that she did return to California where she consulted with Judge Lindsey; that her mother has now come to California to make her home with petitioner and her other daughters; that "her home is altogether suitable and proper for the care and custody of her baby Melinda Rae and petitioner is financially able to properly care for her;" that the father is now in the army, and she prayed that the decree be vacated, and that she be awarded the child's custody.

April 16, 1943, the husband and his mother, through their attorney, filed a motion to dismiss the petition to vacate, in which it was stated: That since the term of court in which the order of dependency was issued had expired, the court had no jurisdiction; that petitioner had failed to state sufficient facts to justify the relief demanded; that petitioner was guilty of laches; that the court was without jurisdiction because no notice of the petition was served upon the father; that she had failed to avail herself of her right of review; that the decree of dependency was final; that she failed to allege that "she was fraudulently prevented from exhibiting a meritorious defense." The motion was sustained and her petition to vacate was dismissed. It is to review this action of the trial court that the matter is before us.

We think it necessary to determine but one question, viz., whether the petition to vacate states a cause of action in fraud, because, if it does, the jurisdiction of the court to vacate is conceded.

■ In considering the matter of fraud, we take into consideration the statement of petitioner's counsel that "the petition is rather loosely drawn," and we think it only fair to comment that the whole proceeding was rather informal, and while procedure in this class of litigation is frequently surrounded with informality approaching looseness, justice is not to be denied if we

can determine and pass upon the merits from the record.

■ ■ Since under our present rules the motion to dismiss is treated as a demurrer, we must assume that the allegations of the mother's petition are true, and we proceed on the further recognized principle that, "courts will not deprive a mother of the custody of her child unless it is shown clearly that she is so unfit a person as to endanger the child's welfare if she is permitted to retain its custody." *Fouts v. Pedrick,* 111 Colo. 141, 137 P. (2d) 1019. We think Mrs. Nielsen's petition was erroneously dismissed and that she should have been accorded a hearing.

■ It may be conceded that the contents of the depositions are damaging to the mother, but she alleges they were never read to her, and while the record discloses that she was given three days notice that the depositions were to be taken, the notice was served upon her in Colorado, and the depositions were taken in Los Angeles. This was not reasonable notice within the meaning of our rules.

We think justice demands that this mother be given her day in court, unrestrained by any untoward influence, with full opportunity to relate her side of the story. *Rose v. People,* 111 Colo. 220, 139 P. (2d) 261.

Judgment reversed.

Mr. Justice Knous not participating.