No. 15,474.

FATUR *v.* HUFF.
(147 P. [2d] 477)

Decided March 27, 1944.

Messrs. MOYNIHAN-HUGHES-SHERMAN, for plaintiff in error.

Messrs. STEWART & BROWN, for defendant in error.

*En Banc.*

MR. JUSTICE GOUDY delivered the opinion of the court.

THIS case involves a contest for the custody of a minor child, a girl ten years of age, between her mother, defendant in error, and the child's paternal grandmother, the plaintiff in error. Both parties having requested final determination upon the application for supersedeas, we have elected to proceed accordingly.

October 10, 1940, William Pavlisick, the child's father, filed suit for divorce against defendant in error, petitioner below, to whom we hereinafter refer as petitioner, on the grounds of cruelty and adultery. At the divorce trial, evidence was introduced to support the charge of cruelty, the other charge having been withdrawn, and the court by its interlocutory decree awarded the custody of the couple's child to plaintiff in error, respondent below, and hereinafter designated as respondent, with whom William Pavlisick, the father, made his home at that time. October 5, 1942, final decree in divorce was entered providing for such custody, the reasonable right of visitation to said child being reserved in the petitioner. At the hearing with which we are here concerned, the trial judge stated: "I will say this very frankly that I think one of the circumstances that actuated the court in granting the custody of the child to the grandmother was the fact that she would be in the presence and company of her father."

August 4, 1943, Pavlisick was killed in a mine accident, and the child became entitled to death benefits under the Workmen's Compensation Act. Thereafter petitioner, who had remarried, filed a petition for an order modifying the decree of divorce so as to award the custody of the child to her. Before the same judge who presided at the divorce trial, a two day hearing was

had on August 31 and September 1, 1943, at which many witnesses testified for each party, and the record contains evidence concerning alleged acts of misconduct of the petitioner, prior to the entry of the divorce decree. August 31, 1943, respondent filed a motion for an extension of time to complete her evidence as to these acts which she claimed rendered the petitioner an unfit person to have the custody of the child, and at the conclusion of the testimony requested a continuance for the purpose of taking depositions of witnesses concerning such acts. The hearing being continued to September 27, 1943 because of the workmen's compensation benefits involved, counsel for respondent on that date stated to the court that he had been unable to arrange for the depositions which he considered necessary, and requested a further continuance until November 1, 1943. The motion was denied for the reason that any evidence of petitioner's misconduct prior to the divorce decree was immaterial, and the court ordered said decree modified as follows: Custody of the child for the school year was awarded to petitioner, her custody remaining in the respondent during the summer vacation; that petitioner be permitted to take the child out of the State of Colorado, upon furnishing a bond, to be approved by the court, in the sum of $2,500, for the child's return to this jurisdiction, and that all sums due to the child as benefits under the Workmen's Compensation Act by reason of her father's death should be paid to, and expended by, a trustee appointed by the court.

■ ■ The ruling of the trial court on the evidence was correct. *Averch v. Averch,* 104 Colo. 365, 90 P. (2d) 962. Counsel for respondent argue that while the evidence which he desired to obtain through the depositions is inadmissible to modify a decree for custody, it is admissible to uphold such a decree. We do not believe the authorities cited sustain this position, and while the argument is ingenious, it is not persuasive. No good purpose can now be served by allowing respondent to

introduce evidence as to acts which led up to the divorce, and the trial court properly so held. The interest and welfare of the child is the paramount issue, and truth of charges such as was offered to be established would not of itself constitute a present disqualification of petitioner. *Wilson v. Mitchell,* 48 Colo. 454, 111 Pac. 21. The trial court adjudged that the welfare of the child best would be served by her presence during the school year with her mother, her surviving parent. As to this he stated: " * * * in an effort to give due and proper regard to the rights of the parties, incidentally bearing in mind the primary or prior right of the child to an order based upon what the court believes its best interest, it is ordered that the original decree be modified" etc. See, *Fouts v. Pedrick et al.,* 111 Colo. 141, 137 P. (2d) 1019; *Nielsen v. Nielsen et al.,* 111 Colo. 344, 141 ·P. (2d) 415.

■ ■ The trial court required a bond conditioned for the return of the child to this jurisdiction, and the order permitting her to be taken out of the state was not error, nor an abuse of discretion. *Williams v. Williams,* 110 Colo. 473, 135 P. (2d) 1016. The motion for continuance was a matter within the discretion of the court, and we find here no abuse of that discretion. *Ross v. Ross,* 89 Colo. 536, 5 P. (2d) 246, 78 A.L.R. 313. Counsel for respondent complain of other rulings of the trial court which they consider errors and abuses of discretion, but a careful review of the record does not indicate to us that they are of sufficient gravity to require reversal.

The judgment is affirmed.