No. 15,535.

McGONIGLE *v.* McGONIGLE.
(151 P. [2d] 977)

Decided September 18, 1944.

Mr. Bryan L. Whitehead, for plaintiff in error.

Mr. Howard Roepnack, for defendant in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

A motion by those to whom the custody of a minor child of divorced parents had been awarded to take it from the state and out of the jurisdiction of the court, was granted by the court below.

It appears that October 13, 1942, in a divorce action between Elizabeth Josephine McGonigle and Thomas C. McGonigle, the wife enjoyed favorable findings, and an interlocutory decree was entered in her favor, in which it was ordered, inter alia, that she have "the sole care, custody and control of the minor child" involved in the proceeding. Subsequently it was ordered that for its support, the defendant should pay to plaintiff the sum of ten dollars per week. October 30, 1942, the parties stipulated that, subject to plaintiff's "right to reasonable visitation privileges and the right to have the child visit her at reasonable times," the custody of the child might be awarded to the defendant in the action and Edna A. Davis, his mother, and that thereafter defendant should stand "released from all further payments" for the support of the child originally ordered. The court appropriately modified its original order. April 14, 1943, the court, predicating its action "upon the terms and conditions contained in the interlocutory decree, or any modification or change thereof subsequently made by the court," entered a final decree of divorce. Later, the parties contracted marriage with other persons, and May 22, 1944, the defendant in the action and his mother, still

having custody of the child pursuant to the stipulations and orders to which we have referred, moved the court to enter an order permitting them to take the child to Seattle, Washington, "for the duration of the war."

The movants alleged that Edna A. Davis resides in Denver, and that McGonigle did reside in Denver until his "induction into the Naval Forces of the United States," from which he had been discharged; that since such discharge he had obtained employment in defense work in Seattle, and informed his mother that there was employment there for her husband in defense work; that since work in defense industries and need therefor is greater in Seattle than presently in Denver, they asked to be permitted to take the child to Seattle, as already stated.

At the hearing, the mother appeared in person and by counsel in opposition to the motion for "removal of the child from the jurisdiction of this court unless bond is put up by these people to insure the appearance of this child in this jurisdiction whenever the court so requires. Also that the mother would like the right of reasonable visitation, as now obtains in Colorado, if she were able to go to Seattle and if the court under the conditions permitted the removal of the child." The testimony was not broader than the allegations of the motion, and the statement of counsel for the mother of the child, already set forth. The trial court did not require bond of petitioners in assurance of the return of the child to Colorado jurisdiction, nor did it attach any conditions whatever to its order entered in granting the motion.

It will be noted that the parties in their motion made no reference to the well-being of the child and that there is no allegation that it was to its best interest that it be removed from the jurisdiction which was exercising judicial control of its custody, the jurisdiction of its birth, and the lifetime residence of its mother, whose right of visitation had been judicially protected, and against whom not a breath of misconduct is hinted. The

testimony likewise was void of such statements; on the contrary, the proceeding was wholly conceived in the interest and accommodation of adults—the father, remarried and employed in a far away jurisdiction, and his mother's husband, who wished to go to Washington to obtain employment. In such situation, What is the law?

Where the custody of a child is awarded in a divorce proceeding, the child becomes the ward of the court, and it is against the policy of the law to permit its removal to another jurisdiction unless its well-being and future welfare would be better subserved thereby. *State v. Hall,* 257 S.W. 1047 (Supreme Court of Missouri). "While ordinarily the custody of a child should not be awarded to a nonresident, nor to one contemplating immediate removal from the state, it, nevertheless, is well established that when it is conducive to the child's best interests, the court may permit it to be removed from the jurisdiction." *Williams v. Williams,* 110 Colo. 473, 135 P. (2d) 1016. See, also *Fouts v. Pedrick,* 111 Colo. 141, 137 P. (2d) 1019, and *Fatur v. Huff,* 112 Colo. 213, 147 P. (2d) 477. The sum of the doctrine announced in the Missouri case and in our decisions, is illuminatingly stated in 27 C.J.S., page 1179, section 313. In affirming an order of removal of the child involved in the Williams case to another jurisdiction, we were at pains to emphasize the fact that the "learned trial judge at all times proceeded upon the principle that the best interests of the child should be the controlling factor in determining the placing of her custody," and resolved the issue on that premise. Under this established rule and the circumstances attending, the motion for removal of the child to another jurisdiction should have been denied, and, subject to what we shall say in the next paragraph, that will be the order on remand.

We have not failed to note that some degree of amity attends the parties to this controversy, and, notwithstanding there was neither allegation nor evidence to

the effect that the proposed removal of the child to another jurisdiction is in its interest—a prime consideration—still, the record is not void of the implication that the parties might agree upon conditions which should attend an order of removal in the premises, thus to safeguard the mother of the child in her rights, accommodate the petitioners in their seeming needs, and thereby justify its entry. Should such agreement eventuate, the trial court, if convinced that such removal will not be detrimental to the child's interests, may make an order in consonance with such agreement, for the child's removal to the jurisdiction suggested in the motion; otherwise, after the lapse of reasonable time, the court should deny the motion.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE BURKE and MR. JUSTICE JACKSON concur.