## No. 16,109.

### SANTO *v.* SANTO.
(206 P. [2d] 341)

Decided May 2, 1949. Rehearing denied May 23, 1949.

14

Mr. Robert L. McDougal, for plaintiff in error.

Messrs. Dickerson, Morrissey & Zarlengo, for defendant in error.

*In Department.*

Mr. Justice Hays delivered the opinion of the court.

We will refer to the parties hereto as they appeared in the trial court, that is, Henry E. Santo, as plaintiff, and Recinda A. Santo, as defendant.

Plaintiff and defendant were married November 4, 1944, in Minneapolis, Minnesota, where they continued to reside until they moved to Denver, April 28, 1946, bringing with them their infant daughter, Teresa, born March 17, 1946. Upon returning from a visit to her former home in Minnesota, September 7, 1947, defendant found conditions in her home such that after a full discussion thereof with plaintiff, it was agreed that defendant, with the baby, should return to Minnesota to her parents' home apparently to remain until after the birth of another child with which defendant was then pregnant, and until their differences could be adjusted. Before defendant left Denver for Minnesota, plaintiff, while still agreeing that defendant should return to their former home, suddenly insisted upon her

leaving the baby, who was then eighteen months old, with plaintiff; whereupon defendant with the baby returned to Minnesota, September 12, 1947, without the knowledge or consent of plaintiff.

The present action, a suit for divorce, was commenced September 23, 1947, and substituted service obtained upon defendant in Minnesota. Thereafter defendant, appearing in the divorce action by attorney, filed a motion for temporary support money for herself and child, and a final hearing on said motion was had November 29, 1947, following which, and notwithstanding the fact that plaintiff was receiving an allotment of $25.00 from the government for support of his dependents, the trial court denied the motion, and at the same time ordered: "That the defendant bring the minor child back into the jurisdiction of this court, and upon the defendant doing the same, that the plaintiff pay into the registry of the court the sum of $100.00 forthwith and $100.00 per month for the temporary support of the defendant and the minor child." Defendant seeks reversal by writ of error.

No question is here raised concerning plaintiff's ability to pay the amount fixed by the court or to the defendant's need for such support; as to the reasonableness of the allowance; as to defendant's fitness and ability to care for the infant daughter; or that the home of defendant's parents was not a fit and proper place physically and morally in which to maintain said child. The sole question presented is whether or not the trial court may lawfully require the return of the child to Colorado as a condition precedent to the payment of support money under the circumstances presently to be stated.

It appears from the record that at the time of the hearing on defendant's motion for temporary support money, Teresa was approximately twenty months old; that defendant's pregnancy was in the sixth month; that defendant was then approximately twenty-one years

of age; that she and their baby were living in the home of her parents in Minneapolis; that defendant's father had a responsible position of twenty-four years' standing with a well-established company, and maintained a comfortable and adequate home for his wife, daughter and granddaughter; that defendant and her mother were preparing the layette for the baby to be born; that a doctor had been employed and all medical arrangements had been made for the baby's delivery; that defendant periodically consulted the doctor as to her physical condition; and that arrangements had been made with her parents to remain in their home after the birth of the baby until defendant was physically able to perform household duties.

Notwithstanding the complete arrangements above set forth for the care, comfort and convenience of defendant and the two babies, at her parents' home, this record discloses no preparation made by plaintiff for the proper care, convenience and welfare of defendant and baby in Denver. Plaintiff merely states that he is willing to "make provisions" for her if she returns and remains in this state, but not otherwise. Plaintiff testified that in so far as pertinent to the present inquiry, he is a Denver University student and that he works part time tending bar in Joe's Cave owned and operated by his father and stepmother with whom he lives; that he receives, together with other income, the sum of $90.00 allotment from the government, $25.00 of which is expressly paid to him by the government for the support of his dependents.

It is well established that the question of allowance of temporary support money pending divorce proceedings, is largely within the sound discretion of the trial court, and its order in respect thereto will not be disturbed on review in the absence of abuse of discretion. *Urling v. Urling,* 107 Colo. 186, 109 P. (2d) 1060; *Zook v. Zook,* 118 Colo. 299, 195 P. (2d) 387; *Searle v.*

*Searle,* 115 Colo. 266, 172 P. (2d) 837; 27 C. J. S., p. 890, §206.

Plaintiff's obligation to support his wife and child, under the circumstances here prevailing, is not dependent upon her place of residence, whether in or out of the state. The primary and controlling consideration is the welfare of the wife and child and not their place of residence. *Cairnes v. Cairnes,* 29 Colo. 260, 68 Pac. 233; *Williams v. Williams,* 110 Colo. 473, 135 P. (2d) 1016; *Fatur v. Huff,* 112 Colo. 213, 147 P. (2d) 477; *McGonigle v. McGonigle,* 112 Colo. 569, 151 P. (2d) 977; *Searle v. Searle, supra.* In the Cairnes case, supra, we said: "In this connection it may be well to state, however, that when a husband desires the luxury of a divorce from his wife, he should be compelled to pay the expenses of his wife pending the litigation; and in cases where a wife is a nonresident of the state, if she desires to come to the state of Colorado to make a defense, she should be given an opportunity to do so, and the courts should require plaintiff to deposit in court a sum sufficient to pay the expenses of his wife from her home to the state of Colorado, to be paid to her upon her arrival here within a reasonable time, with such additional sum as may be necessary to properly defend the suit. And in case the plaintiff is unable to make reasonable provision for his wife during the pendency of the suit, the suit should be abated until he is able to do so."

In the Williams case, supra, is the statement: "While ordinarily the custody of a child should not be awarded to a nonresident nor to one contemplating an immediate removal from the state, it, nevertheless, is well established that when it is conducive to the child's best interests, the court may permit it to be removed from the jurisdiction. 27 C. J. S., p. 1179, §313."

Obviously, in the present case no consideration was given to the welfare of defendant and the child. In fact, no such consideration could have been given be-

cause, as above indicated, there was a total lack of evidence on behalf of plaintiff to the effect that he was in a position to provide the necessary facilities for the proper care, comfort, convenience and welfare of defendant and their infant daughter prior to, during, and subsequent to the wife's confinement. What was actually considered by the court is evidenced by the following excerpts from its remarks at the hearing:

"I don't know but it seems to me it just isn't the thing to do to let this mother proceed any further. I am not at all aspired, of course, by the disposition of the defendant to come here and ask for support and ask this young veteran to see his child when and if he ever gets enough money to go back to Minneapolis. That does not appeal to me here. I do not know that the defendant has any defense. She may have to this action. She may have some ground herself, but that does not appear as yet.

"It seems to me that the proper thing for the court to do at this time is to order that the defendant bring back the child into the jurisdiction of the court, and upon bringing the child and coming back herself, to await the determination of the issues of this case, including that of custody; that the plaintiff pay into the registry of the court at the time she arrives here, forthwith, $100 and $100 per month thereafter until the further order of the court, and not until then. The court simply can't be trying one part of the case in Minneapolis under some other judge and another part here, if that is what the intention of the parties is, and that is what it appears to be.

"The court would not make any order unless the child was here. You might as well take her deposition because the court does not have any more jurisdiction than it had before. When she brings the child back we will hear the matter.

"There is no question that I have jurisdiction. I have the power, too, but the plaintiff brings an action here

and asks that that be determined. Of course, I am not going to make any order until the court is in a position to determine the question.

"They [meaning defendant and her counsel] are not going to play horse with the court.

"There wouldn't be any use for the court making an order for her to come back and testify if her child were in Minneapolis. There isn't any sense to that at all."

■ The above quotations clearly indicate a misconception by the trial court of its duties, and of the issues presented. The question of custody was not directly involved in this proceeding. As elsewhere indicated, no claim was made by plaintiff that defendant was not a fit and proper person to have custody of the infant daughter or that the latter was not being properly cared for in the home of her maternal grandparents. The trial court in effect found that defendant was entitled to no support whatsoever unless she returned with the child to Colorado, irrespective of the effect her return might have upon her welfare and that of the infant daughter. There was no need at such hearing for the presence of the child, and no justification for the court's refusal to grant an order for temporary support money until the child could be brought into the state.

■ Even though the court was correct, however, in treating the hearing herein as one for custody rather than for temporary support, the desire of one parent, to whom custody was denied, and the inability of the court to enforce its custodial orders, should not prevent the award of custody to the mother in another state where such is for the best interests of the child and mother. *Duncan v. Duncan*, 293 Ky. 762, 170 S. W. (2d) 22; 154 A. L. R. 549, Annotations, p. 552; *Williams v. Williams, supra; Fatur v. Huff, supra; Crummer v. Crummer*, 44 Wyo. 1, 7 P. (2d) 223.

In the case last above cited the mother, whose health was impaired, was permitted by order of the court, temporarily to take her two small children to the home

20

of her parents in another state where the children and mother could receive proper care.

■ In many cases, reviewing courts have held that the refusal of the trial court to permit removal of children to another state in the best interests of the child, constitutes reversible error. Annotations, 154 A. L. R., p. 568.

■ It necessarily follows that the action of the trial court herein was arbitrary and unreasonable, and constituted a gross abuse of discretion.

■ The plaintiff's refusal to support defendant and her minor child, and make provision for the care of his wife pending confinement, necessitated her employing counsel to prepare and file the motion for temporary support, and to represent her at the hearing, and in this court. Adequate compensation should be allowed therefor, together with costs and expenses.

The judgment of the trial court is accordingly reversed, and the cause remanded for further proceedings in harmony with the views expressed herein.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE ALTER concur.