No. 16,512.

ANDERSON *v.* ANDERSON
(234 P. [2d] 903)

Decided July 16, 1951.

Messrs. Moynihan-Hughes-Sherman, Mr. Howard S. Bjelland, for plaintiff in error.

Messrs. Bryant, Petrie & Waldeck, for defendant in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

Iris Maxine Anderson, to whom we hereinafter refer as plaintiff, obtained a divorce on April 7, 1947, from Dale V. Anderson, hereinafter designated as defendant. By agreement of the parties, incorporated in the interlocutory decree, and by reference incorporated in the final decree, and approved by the court, the custody of the minor daughter of the parties was divided between the parents until the further order of the court in the premises. Subsequently and on May 28, 1949, defendant filed a motion for modification of the decree in which he sought full custody of the minor child. Thereafter, and on June 2, 1949, and before the hearing on defendant's motion for modification, plaintiff filed her motion for modification in which she sought exclusive custody of the minor child. Upon hearing of the two motions, on June 10, 1949, the court modified the custodial order in the decree and awarded custody of the minor child to plaintiff from September 1 to the following June of each year, and the remainder of each year to defendant. Defendant is here by writ of error seeking a reversal,

specifying as error the modification of the custodial order and the allowance of attorney fees and costs, to which reference is hereinafter made.

The evidence before the court discloses that at the time of the divorce the minor child was about two years of age, and at the time of the hearing on the motions, she would be five years of age in August following. It further appears from the evidence that defendant had not remarried, and while the minor child was in his custody he provided for her care and attention in the home of others; that in the interval between December 1, 1946, until the hearing in 1949, defendant had placed the child in the custody and care of at least four different persons. It appears in the record that defendant has all the love, affection and solicitude for the care and upraising of his little daughter that a parent could possess, and has taken advantage of every opportunity for her welfare, and, under all of the circumstances, has been a devoted and indulgent parent.

It is further disclosed by the evidence that plaintiff has remarried and is living with her husband in a home near a school which the minor child may now enter in the kindergarten group; that her husband has joined in her motion for modification, and, so far as the evidence discloses, is financially able, with the assistance which the court has ordered defendant to provide, to properly care for the little girl and give her the advantages to which she is entitled. There is nothing in the record that indicates that plaintiff is not a loving and devoted mother and can give her daughter the affection and guidance to which she is entitled. The court, after the hearing on the motions, made the modification hereinabove indicated, and of which defendant now complains.

We have repeatedly held in divorce actions, where custodial orders respecting children are involved, that the court retains jurisdiction to change or modify the same whenever it is made to appear that the best interests of the child require modification of such orders.

The trial court is in a better position to make a personal appraisal of the qualifications of the parents for the best interests of a minor than we are, and it is only in cases of a clear abuse of discretion that this court is warranted in interfering with the orders of the trial court in custodial matters. It should be kept in mind that in cases of this nature the principal issue before the courts is the welfare of the child, and to that welfare the rights and personal desires of the parents are subservient. *Wilson v. Mitchell,* 48 Colo. 454, 111 Pac. 21; *Ross v. Ross,* 89 Colo. 536, 5 P. (2d) 246; *Averch v. Averch,* 104 Colo. 365, 90 P. (2d) 962; *Fouts v. Pedrick,* 111 Colo. 141, 137 P. (2d) 1019; *Fatur v. Huff,* 112 Colo. 213, 147 P. (2d) 477; *McMillin v. McMillin,* 114 Colo. 247, 158 P. (2d) 444; *Searle v. Searle,* 115 Colo. 266, 172 P. (2d) 837; *Santo v. Santo,* 120 Colo. 13, 206 P. (2d) 341; *Phillips v. Christensen,* 121 Colo. 380, 216 P. (2d) 659.

The modification order entered by the trial court on June 10, 1949, was within its jurisdiction, was a proper order, and the specification of error based thereon has no merit.

█ █ The record herein was certified by the trial judge on May 23, 1950, and the cause docketed in our court June 7, 1950, which, it should be noted, was just three days before the expiration of the year within which a writ of error might be sued out under our rules. The transcript of the evidence was lodged in the district court on June 21, 1949, and the completed record lodged in that court on August 8, 1949. There is nothing to indicate that the provisions of rule 112 (f), R.C.P. Colo., were observed, but this defect, if it be one, is not challenged here. August 2, 1949, plaintiff filed her motion for attorney fees and suit money, which motion remained unheard and undisposed of until June 16, 1950, when the court entered an order thereon requiring defendant to deposit the sum of $125.00 "for the purpose of resisting the said appeal of defendant to the Supreme Court and that defendant pay to said attorneys the further sum of

Fifty Dollars ($50.00) to cover costs of docketing case and printing briefs, abstract of record and any other costs which plaintiff may incur in connection with defending herself in said appeal." This action of the trial court is brought to our attention by supplemental record, and is approved as to form by defendant's attorney. From aught that appears in the supplemental record, the order pertaining to attorney fees and costs may have been entered by the court with the consent of the parties. Compliance with the provisions of rule 46, R.C.P. Colo., is mandatory. *Virginia-Carolina Tie & Wood Co., Inc. v. Dunbar,* 106 F. (2d) 383; *Massachusetts Bonding & Ins. Co. v. Preferred Automobile Ins. Co.,* 110 F. (2d) 764; *Drybrough v. Ware,* 111 F. (2d) 548; *Bucy v. Nevada Construction Co.,* 125 F. (2d) 213; *Johnston v. Reily,* 160 F. (2d) 249; *Smith v. Cushman Motor Works, Inc.,* 178 F. (2d) 953; *Reck v. Pacific-Atlantic S. S. Co.,* 180 F. (2d) 866. We might dispose of this specification by a refusal to consider the same for the failure of defendant to comply with the provisions of rule 46, supra; however, we shall not do so. Under the facts and circumstances disclosed by the evidence in this case, the trial court, before the docketing of the case here on writ of error or thereafter, had jurisdiction to fix and allow a reasonable amount to plaintiff as attorney fees and costs in this court. *Fleming v. Fleming,* 58 Nev. 179, 72 P. (2d) 1110; *Prouty v. Prouty,* 16 Cal. (2d) 190, 105 P. (2d) 295; *Gifford v. Gifford,* 50 Idaho 517, 297 Pac. 1100; *Hipple v. Hipple,* 128 Kan. 406, 278 Pac. 33; *Chambers v. Chambers,* 75 Nebr. 350, 106 N.W. 993; *Haagen v. Haagen* (Mo. App.), 11 S.W. (2d) 757.

Accordingly, the judgment is affirmed.

MR. JUSTICE HOLLAND does not participate.