## WEBER v. REDDING ET AL.

[No. 24,920. Filed October 23, 1928. Rehearing denied January 3, 1929.]

*Claycombe & Stump* and *Simmons, Dailey & Simmons,* for appellant.

*W. H. Eichhorn, Frank W. Gordon* and *John H. Edris,* for appellees.

TRAVIS, J.—This is an action by appellant against appellees for a writ of *habeas corpus,* to obtain the possession of Robert Ellsworth Redding, the son of the appellant and her former husband Harry E. Redding, appellee.

The subject of this inquiry was born March 23, 1919, eight years after the marriage of his parents. Appellee Redding was granted a divorce from appellant April 14, 1922, by the Court of Common Pleas, Franklin County, Ohio, upon substituted service of process by publication against his wife, defendant in the suit for divorce and appellant in this action. She was, before the bringing of the suit for divorce, a resident of and domiciled in

Indiana. She did not appear to the suit for divorce, and was not within the State of Ohio from the beginning of the suit for divorce to the granting of the decree of divorce. All of this time she had the child with her in Indiana. At the time of the granting of the decree of divorce, the court decreed that the care, custody and control of the son were to be divided between the father and mother. At the time of the beginning of this action, the father had the custody and control of the child, but had placed him in the possession of appellee Ada Gordon, who was the sister of appellee Redding, and her husband, appellee Robert Gordon. Appellees, having such possession, control and custody of the child, refused to permit appellant to again take the absolute custody, control and possession of him, but offered to permit her to see her son at the home of appellees, the Gordons, at all reasonable times. The Gordons owned and lived upon a farm of 120 acres in Wells County. They were respectable people and bore a good reputation. They had all the conveniences of life to give the child, their nephew, every advantage, including education, necessary for his proper rearing. They had no child of their own. Appellee Redding was, and is, a resident of Columbus, Ohio. Appellant married ten days after she was divorced by her husband. She and her second husband reside in Indianapolis, and for aught shown by the evidence, she and her husband each bear a good reputation, and have a modern home. Appellant is also the mother of a son, the result of her second marriage.

The pleadings in the cause consist of the petition by appellant, the separate return of appellee Redding, and the joint return of Robert and Ada Gordon, appellees. Appellant filed exceptions to the return of appellee Redding, and to the joint return of appellees Gordon and Gordon. Appellant's petition for the writ alleges

the birth of the child and his relationship to her and the appellees; the granting to appellee Redding of the divorce from appellant; the custody of the child in the appellees; the conspiring and confederating together of the appellees to retain the custody and possession of the child, and refusal to permit appellant thereafter to gain the custody and possession of him; the marriage of appellee Redding since the divorce, and his residence in Columbus, Ohio; Redding's voluntary relinquishment of the custody and care of the child to appellees Mr. and Mrs. Gordon; the fitness of the appellant to have the custody of the child, and her willingness and means to amply provide and care for him.

Appellees, by their returns to the petition, admit all allegations of the petition, except appellant's fitness to have the care, custody and control of the child, and the custody of the child by appellees Robert and Ada Gordon; and allege the child was placed in the care and custody of the Gordons by appellee Redding, with instructions not to give possession and custody of the child to the appellant, but to permit her to visit the child at the home of the Gordons; and allege, in support of the refusal by Redding to permit appellant to again have the child, that the appellant is wholly unfit morally to have the care and custody of the child, and that the decree of the Ohio court, in relation to the custody of the child, is invalid and void for the reason that that court did not have jurisdiction of either the appellant or the child. The return by appellee Redding also alleges that before beginning this action for *habeas corpus*, appellant, on October 2, 1922, filed her petition in the Wells Circuit Court praying a writ of *habeas corpus* and custody of the child now before the court, based upon the decree of custody by the Ohio court with the decree of divorce of appellee Redding from appellant. In the former case, appellees here were defendants; they

filed returns to the petition alleging that they were not bound by the Ohio court's decree of custody of this child, because the court did not have jurisdiction of the child, for the reason that the mother and child were residents of Indiana, and process was had on the appellant in the divorce action only by substituted service, and that neither she nor the child was before the court when the decree was rendered, but they were in Indiana, and that she did not appear to the action for divorce, and that thereby the decree for custody is void. The cause was submitted to the court for trial, evidence was heard, and the court found for the defendants and against the petitioner, and adjudged that the defendant Redding have the care and custody of the child and for costs. This judgment has not been vacated or set aside; from it no appeal was taken. After the divorce was granted to appellee Redding, appellant voluntarily relinquished the custody of the child to appellee Redding in June, 1922. To the returns, appellant filed her exceptions, which allege that appellees are estopped to deny the validity of the decree for divorce. She does not allege in her exceptions to the returns that appellees are estopped by the decree which awards the custody of the child. The allegation of estoppel to deny the validity for the decree for divorce will not support error predicated upon estoppel by decree which awards custody of the child. The exceptions allege, as corollary to the first allegation which concerns the divorce decree only, that the allegations of the returns by appellees concerning the improper and immoral conduct of the petitioner (appellant) are too remote, according to assertions in oral argument, because the actions complained of were performed prior to the date of the decree of divorce. The first allegation which concerns only the decree of divorce cannot be a foundation for the second allegation; therefore the corollary

fails, and no question is presented by the ruling on the exceptions.

The trial court overruled the exceptions to each of the returns of appellees. Appellant then filed an answer in general denial to each of the returns, and the issue created by the general denial was tried to the court upon evidence. The court found that the child is, and was at the time of the bringing of the action for *habeas corpus*, in the custody of the father and the possession of the father's coappellees, and that both the father and his coappellees are fit persons to have the care and custody of the child, and that no reason exists to justify a change in the custody and possession as it then existed, and that the child had not been unlawfully restrained by the appellees, or either of them. The judgment followed and conformed to the findings of the court. Appellant appeals from this judgment. Appellant's motion for a new trial, for the causes that the decision of the court is not sustained by sufficient evidence and is contrary to law, and for alleged errors in excluding evidence, was overruled. Appellant presents as errors to sustain the appeal, the action of the court overruling her exceptions to the returns made by the appellees, and the action of the court overruling her motion for a new trial.

The evidence introduced at the trial covered every material fact alleged in the returns to the writ. Inasmuch as every question presented by the exceptions to the returns to the writ is presented by the motion for a new trial, it is unnecessary to consider the error sought to be presented by the action of the court overruling appellant's exceptions to the returns to the writ made by the appellee. *Buck, Gdn.*, v. *Squires* (1924), 194 Ind. 112, 142 N. E. 7.

By the alleged error which is based upon the overruling of appellant's motion for a new trial, but two proposi-

tions are presented, which include the sufficiency of the evidence to sustain the finding, and the alleged erroneous ruling which admitted and excluded evidence: (1) The decree of the Ohio court awarding custody of the child was valid, even though the defendant wife (appellant) was a nonresident of the State of Ohio at and before the institution of the suit for a divorce, and process was had upon her by substituted service, and she in no wise appeared to the action, and the child was living with and being kept by her during all this period of time, and neither the wife nor child was in the State of Ohio before the entering of the decree; and the appellees here are bound by the decree which sought to adjudicate the custody of the child; (2) appellees may not introduce in evidence facts of the behavior or morals of appellant which happened prior to the date of the decree of divorce, which is estopped by judgment—*res judicata.* Concerning the first proposition, it seems that the weight of authority is in favor of confining the jurisdiction of the court in an action for divorce, where the defendant is a non-resident and does not appear, and process upon the defendant is by substituted service only, to a determination of the *status* of the parties. *Beard* v. *Beard* (1863), 21 Ind. 321, 327; *Rigney* v. *Rigney* (1891), 127 N. Y. 408, 28 N. E. 405, 24 Am. St. 462. This rule of law extends to children who are not within the jurisdiction of the court when the decree is rendered, where the defendant is not a resident of the state of the seat of the court, and has neither been personally served with process nor appeared to the action. *Kline* v. *Kline* (1881), 57 Iowa 386, 42 Am. Rep. 47; *Rodgers* v. *Rodgers* (1896), 56 Kans. 483, 43 Pac. 779; *Seeley* v. *Seeley* (1907), 30 App. Cas. (D. C.) 191, 12 Ann. Cas. 1058; *Harris* v. *Harris* (1894), 115 N. C. 587, 44 Am. St. 471; *Cooley, Const. Lim.* (6th) 499, (7th) 584; Wharton, Conf. of Laws (3d) §239f; see *People* v. *Hickey*

(1899), 86 Ill. App. 20; *Ex parte Vetterlein* (1884), 14 R. I. 378; *State* v. *Rhoades* (1902), 29 Wash. 61.

By the authority of the cases *supra*, a decree of the custody of a minor child under the circumstances stated is void. We are of the opinion that the decree ▆▆ by the Ohio court awarding the custody of this child is void. The decree being void, all things upon which it depends for life, are as if never *in esse*. This disposes of the second, the corollary proposition, because the exclusion of evidence of acts and morals of the appellant prior to the date of the decree rests upon estoppel by judgment. *Res judicata* may not be founded upon void decrees. The proposition does not apply to the situation which confronts the appellant. Therefore, it was not error to admit the evidence sought to be excluded.

Moreover, we are of the opinion that were the decree of custody valid, the child, after the rendition of the decree, being domiciled in another state, even ▆ though it be in the custody of the father to whom the court gave it part of the time, the court of this state in which the child is domiciled, and has so been domiciled since before the beginning of the suit for divorce, has the judicial power, on a change of circumstances, which it finds essenial to the best interest of the child, to make a new disposition of the child. The evidence in the change in the state of the parents since the decree was made is sufficient to uphold the finding in this case, if all other evidence be obliterated. *People* v. *Hickey, supra; In re Bort* (1881), 25 Kans. 308, 37 Am. Rep. 255; *In re Alderman* (1911), 157 N. C. 507, 39 L. R. A. (N. S.) 988.

Notwithstanding the proposition upon which appellant relies, the welfare of the minor child is first ▆ to be considered. That would be uppermost in the mind of the Ohio court that decreed the

divorce, and also sought to decree the custody of this child, if appellant had applied to it for a modification of the decree; it is none the less of first importance here, the child being in a state foreign to the state wherein the decree was made. This court is not bound by the strict rule of law which binds the parties to an action; the state is a party here, in that its interest adheres to any action concerning the care and custody of an infant, when made the subject for judicial inquiry. The rights of parents, without exception in such cases, yield to the welfare of the infant. The matter rests rather upon sound judicial discretion than upon hard and fast rules of law. The judicial review upon appeal of judicial discretion of the *nisi prius* court is limited to judicial abuse of discretion. *Wells* v. *Wells* (1897), 11 App. Cas. (D. C.) 392; *Stickel* v. *Stickel* (1901), 18 App. Cas. (D. C.) 150; *Kline* v. *Kline, supra; Luellen* v. *Younger* (1924), 194 Ind. 411, 133 N. E. 495, 143 N. E. 163.

From the evidence of the present condition and situation of the parties, considered with the evidence of the action of the parents which led to their separation and divorce, we are convinced that the Wells Circuit Court did not abuse its discretion in its finding here, but that the finding is well grounded.

The rulings of the court overruling appellant's exceptions to the returns made by appellees to the application for *habeas corpus,* and overruling her motion for a new trial, are sustained.

Judgment affirmed.