STATE EX REL. BAILEY *v.* WEBB.

[No. 27,220. Filed June 15, 1939.]

*Floyd S. Draper,* and *Ellis C. Bush,* for appellant.

*Wildermuth & Force,* for appellee.

FANSLER, C. J.—On January 1, 1939, Gary was a city of the second-class. On that date a mayor and a judge of the city court went into office. Both undertook to ap-

point a bailiff for the city court. The appellee Webb, appointed by the judge, achieved possession of the office, and the relator Bailey brought this action seeking possession. The only question presented is whether the mayor or the city judge had the appointing power. It was held by the trial court that the power was in the judge, and this decision conforms with an opinion of the Attorney General of Indiana dated December 14, 1938.

Prior to 1933 the power to appoint the bailiff was by statute expressly vested in the city judge (§4-2705 Burns' Ind. St. 1933, Acts 1921, ch. 215, §5, p. 587), and the statute is still in force unless repealed by implication as in conflict with the statute of 1933 (Acts 1933, ch. 233, p. 1042), upon which the appellant relies. Section 5 of the act of 1933 provides, among other things: ". . . In cities of second class the mayor shall appoint a city controller, a city civil engineer, a city attorney, a chief of fire department, a chief of police, and other officers, employes, boards and commissions, in accordance with the provisions of laws now in effect and as hereinafter provided." Section 26 provides: "All laws and parts of laws in conflict with any of the provisions of this act are hereby repealed . . ." Section 2 of the act of 1935, amending the act of 1933 (Acts 1935, ch. 307, p. 1493), provides: "The provisions of any law now in effect in so far only as said provisions fix or purport to fix the salaries of any elective or appointive officer and/or employee of any civil city of this state and the provisions of any laws now in effect insofar only as they fix or purport to fix the salary of any member of any board, commission, department or institution maintained or operated by any civil city, are hereby repealed upon the taking effect of this act, except all laws affecting cities of the second class owning and operating two municipal utilities, which shall remain in full force and effect. All appointive officers,

deputies, employees, assistants and departmental and institutional heads not provided for under the provisions of this act, but which are provided for by laws or authority of law now in effect, shall not be considered as abolished by this act but such appointments shall be made by the mayor within his discretion as to number and positions named under laws or authority of law now in effect and such officers, deputies, employees, assistants and departmental and institutional heads shall serve at the pleasure of the mayor, who may terminate their office or employment at any time . . ."

It is noted that the statute last quoted refers to "civil city," and that the provisions for appointment in section 5 of the act of 1933, in so far as they are specific, refer to officers in the executive or ministerial department of the government. It is insisted by appellant that, since the word "all" is used in the statute of 1935, the act must be construed as conferring authority upon the mayor to appoint the court bailiff. While the office of city judge and the city courts have long been classified as branches of the city government, it has been expressly held by this court that, under older statutes, a mayor who acts as city judge ex officio, and the mayor's court, and the city court presided over by a mayor, are a part of the judicial branch of the state government, and that a mayor so acting is a judicial officer and disqualified under the Constitution to hold any other office during the term under which he was elected. *Waldo* v. *Wallace* (1859), 12 Ind. 569; *Gulick* v. *New* (1860), 14 Ind. 93; *State ex rel. Egan* v. *Wolever et al.* (1891), 127 Ind. 306, 26 N. E. 762. Circuit courts bear the name of the county in which they are located, and the judges are elected at the same time as county officers, but the court is not a part of the county government, and the judges are not county officers.

A consideration of both of the acts relied upon by

appellant, in their entirety, discloses a legislative intention to make the mayor, who is the chief executive of the city, responsible for, and to give him control over, the administrative and executive departments of the city. There is no expression in the acts indicating a desire or intention to put court officers under the control of the mayor, nor is such an intention consistent with our legislative history. The acts must be construed in the light of their apparent purpose, and statutes cannot be treated as repealed by implication, as in conflict with the acts in question, unless they are clearly irreconcilable. The mayor is the chief executive officer, is responsible for the functioning of the executive and administrative departments, and the purpose of the law was to place it within his power to control the appointive officers in these departments. The legislative reason for these enactments in respect to such officers is apparent, but there is no reasonable basis for concluding that the Legislature believed that the executive powers should be extended to control over court officers who serve the courts only and have nothing to do with those departments of the government in which the mayor functions as an officer. The very purpose of centering responsibility in the mayor, the head of the executive and administrative branches of the government, would seem to indicate the desirability of resting the responsibility of court appointments in the city judge, who is the head of the judicial branch of the city government, if the court is in fact a part of the city government.

In defining the appointive power of the mayor in these acts, specific reference is made to the city controller, city civil engineer, city attorney, chiefs of fire department and police, and other officers, employees, boards, and commissions. Each spe-

cific reference is to some office or officer within the executive or administrative branch. It would seem that, in considering the general words used in connection with these specific ones, there is room for an application of the *ejusdem generis* rule, and that the general words, following the specific provisions concerning specific officers, boards, and commissions, should be limited in their meaning to those offices and officers which fall within the same general field or branch of the government.

Traditionally, this state has adhered to the principle that the courts are separate and distinct from the other branches of government, and, as indicated by the cases above cited, this court has held that a city court and the judge thereof, even though it be a mayor acting ex officio, are a part of the judicial department of the state government. When the Legislature acted specifically concerning city courts, it vested power to appoint the bailiff in the judge. This is a special law affecting city courts only. There is nothing in the latter laws expressly indicating a change in the legislative intention that the judges should appoint the bailiffs, and the language of the acts is so general that it must be concluded that there is no apparent intention that the former special legislation should be repealed.

Judgment affirmed.

Tremain, J., absent.