CROWE *v.* CROWE

[No. 17,410. Filed March 29, 1946.]

536

*Oscar B. Thiel,* of Gary, for appellant.

*Stiles & Bayor,* of Gary, for appellee.

ROYSE, P. J.—Prior to September 16, 1937 the parties hereto were husband and wife. They had four children. On said last mentioned date appellant was granted a divorce from appellee. The court gave appellee custody of two children, Ruth Elizabeth who was then six years old, and Robert who was then two years old. Appellant was granted custody of the other two children. Appellant was ordered to pay $30.00 per month for the support of the children placed in the custody of appellee.

On or about June 5, 1945, appellee filed her motion to modify the order of September 16, 1937, by requiring appellant to pay $100.00 per month for the support of said two children. In said motion she averred that since said decree was entered appellant's income had increased from $150.00 per month to $1500.00 per month. It was further averred that as the children grew older it required a larger sum to adequately support them. To this motion appellant filed what he denominated a response and cross-motion to modify the original decree, in which he alleged appellee did not require more than $30.00 per month to support said children and that she had removed said children from the jurisdiction of the Court to the State of Arkansas. He further alleged appellee had persistently attempted to poison the minds of said children against him; that the daughter Ruth Elizabeth has expressed a desire to live with her father. He sought custody of said children and relief from further obligation to pay appellee for their support.

Upon the issues thus formed the trial court heard evidence and at the conclusion thereof entered its judgment, the pertinent portion of which is as follows:

". . . It is further ordered, adjudged, and decreed by the court that the order heretofore entered herein on September 16, 1937, be and the same is hereby modified and the plaintiff is ordered to pay into the office of the clerk of this court, the sum of Eighty-five ($85.00) Dollars, each and every month commencing as of this date said sums to be paid to the defendant for the support of Ruth Elizabeth Crowe and Robert Crowe. It is further ordered, adjudged and decreed that the plaintiff have the care and custody of Ruth Elizabeth Crowe and Robert Crowe from July 1, 1945 to September 1, 1945, and that he have such care and custody each year hereafter from June 15th to September 1st, and that during the time he has such custody, the order for support of said minor children be and the same is suspended, during the time as such minor children are in the care and custody of plaintiff during each summer. It is further ordered, adjudged and decreed that the plaintiff pay the sum of Fifty ($50.00) Dollars for the use of defendant's attorney, on or before 60 days from the date of this order. And the court now being advised that the plaintiff has paid the defendant the sum of Sixty ($60.00) Dollars for transportation of said minor children, Ruth Elizabeth Crowe and Robert Crowe, from Mountain Home, Arkansas to Gary, Indiana. It is now ordered, adjudged and decreed that the defendant pay the traveling expenses for said minor children from Mt. Home, Arkansas to Gary, Indiana, on July 1, 1945, and also pay the expenses of their return to Mt. Home, Arkansas, on September 1, 1945.

"All of which is now ordered, adjudged, and decreed this 26th day of June, 1945."

On proper assignment of error appellant makes three contentions here: (1) The trial court erred in overruling his motion to modify the original decree and give him custody of the two children; (2) The court erred in increasing the original support order from $30 to $85; (3) The court erred in awarding appellee's attorney any attorney's fees.

In support of his first contention appellant asserts a father is entitled to the custody of his minor children and should not be compelled to support them in a foreign jurisdiction. He also contends that the children being wards of the Court they must be kept within the jurisdiction of the court; that it is against public policy to order a father to support his minor children in a foreign jurisdiction unless there be compelling and urgent reasons therefor. Finally he asserts that where a parent has been given custody of a child in divorce proceedings such custody will be taken away if such parent attempts to poison the mind of the child against the other parent.

It is the well-settled rule of this jurisdiction that in controversies of this nature the right of the father to the custody of his child is always subject to the paramount consideration of the welfare and best interests of the child. *Johnson et al.* v. *Smith et al.* (1932), 203 Ind. 214, 176 N. E. 705; *Duckworth* v. *Duckworth et al.* (1932), 203 Ind. 276, 179 N. E. 773. The reason for this rule is based upon the premise that children are not chattels but intelligent moral beings, and as such their welfare and happiness are the first consideration of the State. 17 Am. Jur. (Divorce and Separation), § 683, p. 517.

So far as we have been able to ascertain the question of whether a court of this state in a divorce proceeding has the authority to place the custody of children of the divorced parents with the mother who resides out of the state and charge the father with their support, has not been passed upon either by this court or the Supreme Court. The rule, that the welfare and best interests of the child is of paramount importance, is not limited by state lines, according to the weight of authority of other jurisdictions. *Hersey* v. *Hersey* (1930), 271 Mass. 545, 70 A. L. R. 518; *Allen* v. *Allen*

(1940), 239 Ala. 116, 194 So. 153; *Williams* v. *Williams* (1943), 110 Colo. 473, 135 P. (2d) 1016; *Kane* v. *Kane* (1927), 241 Mich. 96, 216 N. W. 437; *Elies* v. *Elies* (1941), 239 Wis. 60, 300 N. W. 493; *Crummer* v. *Crummer* (1932), 44 Wyo. 1, 7 P. (2d) 223; *Kirby* v. *Kirby* (1923), 126 Wash. 530, 219 P. 27; *Duncan* v. *Duncan* (1943), 293 Ky. 762, 170 S. W. (2d) 22; *Butler* v. *Butler* (1928), 83 N. H. 413, 143 A. 471; *Morrill* v. *Morrill* (1910), 83 Conn. 479, 77 A. I; *Cecil W. Roosma* v. *Alberta Moots* (1941), 62 Idaho 450, 112 P. (2d) 1000; *King* v. *King* (1931), 61 N. D. 422, 237 N. W. 854; *Wrather* v. *Wrather* (1941), — Tex. Civ. App. —, 154 S. W. (2d) 955.

We are in accord with this view. We believe it is based on humane considerations for the benefit of the innocent victims of families disrupted by divorce.

The question here presented is one involving sound judicial discretion rather than some hard and fast rule of law. *Weber* v. *Redding et al.* (1929), 200 Ind. 448, 163 N. E. 269. In such cases we should not disturb the finding and judgment of the trial court unless the record discloses a clear and manifest abuse of its discretion. To determine this requires a consideration of the evidence most favorable to appellee.

It is disclosed by the record that appellant in his complaint for divorce agreed that appellee should have the custody of the two children. There is evidence in the record from which the court could have found that at about the time the divorce action was commenced the parties made an agreement as to the custody of their children which was subsequently approved by the court; that before the trial of the divorce action appellant not only agreed that appellee could take the two children to her home in Arkansas but gave her the money to pay

for their transportation. It is further shown by the evidence that appellee maintains a comfortable, decent and respectable Christian home for her children. The daughter testified she preferred to live with her mother. At no time until appellee sought to have the support allowance increased did appellant object to the children being out of this state.

These facts do not show such an abuse of discretion by the trial court as would warrant a reversal of its judgment. Nor do we believe it is against the public policy of this state to require a father to contribute to the support of his children under such circumstances. *Zirkle* v. *Zirkle* (1930), 202 Ind. 129, 172 N. E. 192.

There was evidence from which the trial court could find that appellee had not attempted to poison the minds of these children against their father.

In reference to appellant's second contention, the record discloses that since the original decree was entered appellant's income has materially increased. There was evidence from which the court could have found that his income was $1500.00 per month. He testified his income would now run between four and five hundred dollars per month. There was evidence that it cost $25.00 per week to support the two children in appellee's custody. Under these circumstances we are of the opinion the allowance of $85.00 per month made by the court was most reasonable.

Finally, appellant contends the trial court erred in allowing appellee's attorney a fee of $50.00 for his services. Section 3-1220, Burns' 1933 (Supp.), provides, in part, as follows :

"Where the husband, by the terms of any decree of divorce, is ordered to support . . . any minor

child or children, or where by the terms of any decree of divorce the care and custody of any minor child or children is given the wife, and . . . where such divorced husband shall file or institute any proceeding to modify or cancel any such order for such support or . . . shall file or institute any proceeding to modify or cancel the order or the terms of the decree giving the care and custody of any such child or children to the wife, the court may, in its discretion, make such . . . orders, requiring such husband to pay the attorney appearing for the wife in any such proceeding a reasonable fee to be fixed by the court, as the court may deem fair and equitable under the circumstances and evidence."

Appellant, by what he termed a cross-motion, sought to have the trial court modify its original decree as to the custody of the children. We are of the opinion the trial court did not abuse its discretion in making the very meagre allowance it did for appellee's attorney.

Finding no error, the judgment is affirmed.

Draper, J.—Not participating.

NOTE.—Reported in 65 N. E. (2d) 645.