MAXWELL v. MAXWELL ET AL.

[No. 18,812. Filed December 17, 1956. Rehearing denied January 22, 1957. Transfer denied March 13, 1957.]

*Vernon E. St. John* and *Robert E. Peters,* both of Lafayette, for appellant.

*Charles H. Robertson, Robertson & Moore,* of Lafayette, *Joseph G. Wood* and *Schortemeier, Eby & Wood,* of Indianapolis, for appellees.

PFAFF, J.—This appeal originates from a prior divorce action, the facts of which are substantially as follows:

Prior to December 2, 1953, the parties hereto were husband and wife. As the fruits of this marriage they had one child. On said last-mentioned date appellant was granted a divorce from the appellee, Mary Jane Maxwell. The Court gave the care and custody of the minor child of the parties to the appellant and entered its judgment, the pertinent portion of which is as follows:

". . . And the Court having heard and examined the evidence and being fully advised and satisfied in the premises does now find for the plaintiff that the allegations of his complaint are true and that he is entitled to a decree of absolute divorce as prayed for therein. And the Court further finds that the plaintiff is a fit and proper person to

have the care and custody of Charles E. Maxwell, minor child of the parties, born February 26, 1951, and that the defendant shall have the right of visitation of said minor child at reasonable times and places, until further order of the Court.

"It is therefore ordered, adjudged and decreed by the Court that the bonds of matrimony now existing between the said plaintiff Perry Calvin Maxwell and the said defendant Mary Jane Maxwell be and the same are hereby now dissolved, annulled and set aside and to all intents and purposes fully revoked and held for naught and the plaintiff granted an absolute divorce from the defendant; and it is further ordered that the plaintiff is a fit and proper person to have the care and custody of Charles E. Maxwell, minor child of the parties, until further order of the Court; and that the defendant have the right of visitation of said minor child at reasonable times and places until further order of the Court. Costs paid."

On or about December 8, 1954, appellees filed their verified application to modify the order of December 2, 1953, the substance being—

"That the petitioner, Mary Jane Maxwell, was the defendant in the above entitled cause of action. . . . The petitioner Robert Kirkland, the father of Mary Jane Maxwell, lives at R. R. 1, Rossville, Illinois. The petitioner, Opal Kirkland, is the wife of Robert Kirkland and lives at R. R. 1, Rossville, Illinois. The mother of Mary Jane Maxwell is deceased and she was raised by Opal Kirkland since a small child. . . . That on the 2nd day of December, 1953, this court made and entered a decree of divorce in this cause whereby among other provisions the court granted to the plaintiff custody of the minor child of the parties above named, as parties to the original action; . . . that the defendant was advised by the plaintiff that the plaintiff had alleged in his complaint and had asked in his prayer that the care of the minor child of the parties be left with the petitioners, Robert Kirkland and Opal Kirkland, since the child of the parties, Charles Emmit Maxwell, born February 26, 1951, was then

living with the petitioners Robert Kirkland and Opal Kirkland, at Rossville, Illinois, as stated in his complaint. . . . That this defendant was not aware that custody of the minor child was given to the plaintiff and that the petitioners, Robert Kirkland and Opal Kirkland, were not aware that they were not to continue with the care and raising of said child. . . . That several months after said divorce had been granted the plaintiff went to Illinois . . . (where he) took over physical custody of said minor child and brought said minor child to Lafayette, Indiana; . . . That the plaintiff no longer maintains a home for the minor child of the parties in Tippecanoe County and that the petitioners are advised that the child is now staying at the home of Virgil and Lora Maxwell in the vicinity of Flora, Indiana; . . . That the minor child of the parties, Charles Emmit Maxwell, . . . has resided with the petitioners, Robert Kirkland and Opal Kirkland, most of his life up to the time he was taken by the plaintiff pursuant to the court order. . . . That the only home said child has ever had has been with his maternal grandparents; that the maternal grandparents have a fine home, financial stability and will provide proper care and guidance for said child; that said maternal grandparents have clothed said child up to the time he was taken by the plaintiff; . . . and are willing to provide the proper home, care and guidance, and supervision for said child subject to the order of this court. . . . That the plaintiff and father of this child never provided a proper home for said child; . . . that he has no proper home, that he does not provide proper care and guidance for said child; that he misrepresented and defrauded this court in obtaining the original custody order. That the mother and petitioner of this child desires that the child be placed with her parents so that said child will have proper home life and proper care. . . . Petitioners request that the decree of this court heretofore entered herein be modified in that the custody of Charles Emmit Maxwell, born February 26, 1951, be awarded to Robert Kirkland and Opal Kirkland until the further order of this court; . . ."

Upon the issues thus formed the trial court heard evidence and at the conclusion thereof entered its judgment, the pertinent portion of which is as follows:

". . . The Court having heretofore heard the evidence and argument of counsel and being duly and sufficiently advised in the premises does now find that on December 2, 1953, it was represented to the Court by this plaintiff, that the plaintiff had made arrangements with Robert and Opal Kirkland to keep and maintain the minor child of the parties; that said minor child was to be left with Robert and Opal Kirkland and not be removed for the purpose of residence; that Robert and Opal Kirkland were to care for and educate said child; that when the plaintiff had a proper home he was to have said minor child for certain visits; that the condition and situation of the parties is substantially the same now as it was on December 2, 1953; that for the best interest of the minor child herein the order heretofore entered in this cause on December 2, 1953, . . . should be modified in the following particulars and not otherwise:

"That the plaintiff shall keep and maintain said minor child of the parties in the home of Virgil Maxwell until August 1, 1955, and that on and after August 1, 1955, the plaintiff shall keep and maintain said minor child of the parties in the home of Robert and Opal Kirkland, Rural Route, Rossville, Illinois, maternal grandparents of said minor child; and that if the plaintiff is living with his brother, Virgil Maxwell, or has a suitable home, he shall have the possession of said minor child for visitation during the month of July and August, 1956, and during the same calendar months of each year thereafter; and that both parties have the right of visitation at reasonable times and places, until further order of the Court.

"It is Therefore ordered, adjudged and decreed by the Court that the plaintiff keep and maintain said minor child of the parties in the home of Virgil Maxwell until August 1, 1955, and that on and after August 1, 1955, the plaintiff shall keep and maintain said minor child of the parties in the home of Robert and Opal Kirkland, Rural Route, Rossville,

Illinois, maternal grandparents of said minor child; and it is further ordered that if the plaintiff is living with his brother, Virgil Maxwell, or has a suitable home, he shall have the possession of said minor child for visitation during the months of July and August, 1956, and during the same calendar months of each year thereafter; and it is further ordered that both parties have the right of visitation at reasonable times and places until further order of the Court; and it is ordered by the Court that Perry Maxwell pay one-half of the costs and the petitioner pay one-half of the costs."

On proper assignment of error appellant makes two contentions here, (1) the decision of the Court is not sustained by sufficient evidence, (2) the decision of the Court is contrary to law. In support of his first contention, appellant asserts that to justify the modification of a decree there must be shown, since the preceding order, "a change in conditions of such a decisive character as to make it necessary for the welfare and happiness of the child that the requested care and custody be made. If such a vital change in conditions is not averred and not shown by the evidence and found by the court, no change in care and custody can be made." *Adams* v. *Purtlebaugh* (1951), 230 Ind. 269, 102 N. E. 2d 499. He also contends that an award of care and custody of the child is charged upon the custodian granting him the control and possession of such child but with a duty of supervision and that the trial court abused its discretion in ordering the appellant to keep and maintain the child in a home not under appellant's control and in a foreign jurisdiction while the care and custody of the child remained in the appellant. Finally, he asserts that the Court, in permitting the removal of a child from its jurisdiction either permanently or temporarily, should require a bond conditioned upon the return of the child in accordance with orders of the Court. Inasmuch as appellant assigns only one error,

namely, that the decision of the Court is contrary to law, there is no question as to the facts of this case, and therefore the facts alleged in the appellees' petition to modify can be accepted as true.

Appellees contend by way of summary of argument—

1. This is not a modification involving change of custody because of a change of condition of the parties or the child. Rather it is a modification to correct a fraud on the parties and a misrepresentation to the Court.

2. The trial court merely amended its original order by making it specifically provide for placement of the child as the father promised it would be placed in gaining the custody in the original divorce proceedings.

3. It is in the nature of a *nunc pro tunc* proceeding.

4. Literally, custody would not change (the appellant still has legal custody)—only placement of the child was changed.

5. "Change of condition" is not the only ground for modifying a divorce decree involving custody. A change may be made in any case for "good cause shown."

6. The welfare of the child is the paramount consideration.

7. The trial court's decree on custody will not be reversed on appeal except for manifest abuse of discretion.

8. The Court may authorize the placement of the child in another state and order the father to support it— the welfare of the child being the paramount consideration.

As stated heretofore, appellant relies largely on the well-written opinion of Justice Gilkison in the case of

*Adams* v. *Purtlebaugh, supra.* Certainly no one could have any argument with that decision. It is the law as stated in that opinion that the original divorce decree which determines the custody of the child is an adjudication of the matter and, as Judge Gilkison said, "the decree is binding upon the parties and the courts until it is set aside or modified for cause shown in a subsequent or supplemental proceeding in the same cause." We believe, however, that the instant case is an entirely different type of proceeding. It is made to appear that the appellant in the original trial had made arrangements with the appellees Robert Kirkland and Opal Kirkland, the child's grandparents, to keep and maintain the minor child of the parties, that said child was to be left with them, that said child was not to be removed for the purpose of residence, that the grandparents were to care for and educate said child, and that when appellant had a proper home he was to have said minor child for certain visits. The trial court entered an unqualified decree in the original divorce action giving custody to the father, presumptively upon the basis that those affirmative representations would be carried out. The Court on the trial of the petition to modify, finding that the father had not observed the representations he made to the Court and had not met the conditions under which the custody of the child was awarded to him in the original action, amended its decree to recite specifically what the Court intended, and what the father promised in the first place.

The recital in the Court's final decree on the petition to modify that "the condition and situation of the parties is substantially the same now as it was on December 2, 1953", clearly referred to the fact that the same facilities for the proper keep of the child now exist as they did on December 2, 1953. It is apparent that this is not a case where a trial court

modified or "changed" its decree on a change of condition, but rather that the Court determined that certain conditions and representations were made at the time of the original divorce decree which induced the unqualified custody of the child to be given to the father, and upon the appellees' petition for a modification of the decree the Court finds that said representations have not been complied with, and for the purpose of clarifying its original decree, the Court now makes its decree speak the truth. The Court did not change the custody of the child. It provided for the welfare and keep of the child. We believe it fundamental that a court has an inherent power and authority to take such action. As stated in *Nicholson* v. *Nicholson* (1887), 113 Ind. 131, 15 N. E. 223—

> "The inherent common law power of all courts to vacate or modify their judgments, for good cause shown in a direct proceeding for that purpose, is too firmly settled, both upon principle and authority, to justify further discussion."

The phrase "good cause shown" is also used by the Supreme Court in *State ex rel. Davis* v. *Achor, Judge* (1947), 225 Ind. 319, 75 N. E. 2d 154, as the ■ legal requirement for amending a divorce decree as to the custody, and we quote:

> "An order for custody of the children made in granting a divorce, cannot anticipate the changes that may occur in the conditions of the parents, or in their habits, character and fitness to have the custody and care of the children. Changes in conditions and other causes may make it necessary for the good of the children that their custody be changed. Such orders therefore are interlocutory in nature and subject to modification at any future time during the lives of the parents and the minority of the children upon good cause shown. *Stone* v. *Stone* (1902), 158 Ind. 628, 632, 64 N. E. 86; *Zirkle* v. *Zirkle* (1930), 202 Ind. 129, 132, 133, 172

N. E. 192; §3-1224, Burns' 1946 Replacement; *Jasper* v. *Tartar, Judge, supra.*

In the case of *Lucas* v. *Lucas* (1949), 119 Ind. App. 360, 86 N. E. 2d 300, transfer denied, Judge Bowen, speaking for this court said:

"In considering the propriety of the action of the trial court in awarding the custody of the child to the appellee, we must recognize the rule of law announced by this court in *Cornwell* v. *Cornwell* (1940), 108 Ind. App. 350, 29 N. E. 2d 317, and quoted with approval by our Supreme Court in *Watkins* v. *Watkins* (1943), 221 Ind. 293, 47 N. E. 2d 606, that 'welfare of the child is paramount to the claims of either parent, and its care and custody should be awarded with regard to the best interests of the child. The trial judge is in a position to see the parties, to observe their conduct and demeanor, and to hear them testify, and his decision ought not to be reversed unless an abuse of discretion has been shown.' Our Supreme Court also stated in the Watkins case, *supra,* that the 'great weight of authority is to the effect that the guilt or innocence of the parents is not necessarily a controlling factor and that custody may, in the sound discretion of the trial court be awarded to the one against whom divorce was decreed,' citing 27 C. J. S., Divorce, §309."

In the case of *Crowe* v. *Crowe* (1946), 116 Ind. App. 534, 65 N. E. 2d 645, this court said:

"It is the well-settled rule of this jurisdiction that in controversies of this nature the right of the father to the custody of his child is always subject to the paramount consideration of the welfare and best interests of the child. *Johnson et al.* v. *Smith et al.* (1932), 203 Ind. 214, 176 N. E. 705; *Duckworth* v. *Duckworth et al.* (1932), 203 Ind. 276, 179 N. E. 773. The reason for this rule is based upon the premise that children are not chattels but intelligent moral beings, and as such their welfare and happiness are the first consideration of the State. 17 Am. Jur. (Divorce and Separation), §683, p. 517.

"So far as we have been able to ascertain the question of whether a court of this state in a divorce proceeding has the authority to place the custody of children of the divorced parents with the mother who resides out of the state and charge the father with their support, has not been passed upon either by this court or the Supreme Court. The rule, that the welfare and best interests of the child is of paramount importance, is not limited by state lines, according to the weight of authority of other jurisdictions. (With cases cited).

"We are in accord with this view. We believe it is based on humane considerations for the benefit of the innocent victims of families disrupted by divorce.

"The question here presented is one involving sound judicial discretion rather than some hard and fast rule of law. *Weber* v. *Redding et al.* (1929), 200 Ind. 448, 163 N. E. 269. In such cases we should not disturb the finding and judgment of the trial court unless the record discloses a clear and manifest abuse of its discretion."

From the facts before us we do not believe that there has been an abuse of discretion by the trial court as would warrant a reversal of its judgment. The Court has power to make changes or corrections in a decree as entered to make it conform to the pleadings and evidence and what the Court actually intended. Court decrees are not intended to be masterpieces of literary art and the modified decree in this case could be improved. But it is surely clear and definite enough what the Court found and what it ordered. Our procedural code provides specifically that a judgment shall not be reversed for defects in form, variance, or imperfections, such defects being deemed amended in the appellate tribunal. §2-3231, Burns' 1946 Replacement. See also *Jackson* v. *J. A. Franklin & Son* (1939), 107 Ind. App. 38, 23 N. E. 2d 23.

Finding no error, judgment is affirmed.

278

Bowen, C. J., Kelley, P. J., Crumpacker, Kendall and Royse, JJ., concur.

Transfer denied in per curiam opinion in 140 N. E. 2d 878.

NOTE.—Reported in 138 N. E. 2d 921.