**Marjorie SANDERS,
Petitioner-Appellant,**

v.

**Elizabeth SANDERS,
Respondent-Appellee.**

No. 1–483A111.

Court of Appeals of Indiana,
First District.

Aug. 30, 1983.

Dennis H. Stark, Kesler & Stark, Terre Haute, for petitioner-appellant.

Richard L. Rennick, Jr., Wallace, Campbell, Bunch, Shambach & Rennick, Covington, for respondent-appellee.

NEAL, Judge.

STATEMENT OF THE CASE

Petitioner-appellant, Marjorie Sanders, a paternal grandmother (Grandmother) appeals a decree granting her visitation with her grandchildren who are in the custody of her former daughter-in-law.

STATEMENT OF THE FACTS

John Michael Sanders (Father) was formerly married to Elizabeth (Sanders) Anderson (Mother), and two children, John William Sanders and Angela Marjorie Sanders, aged approximately 9 and 5 respectively, were born to the union. Upon the dissolution of the marriage, Mother, by agreement, was granted custody of the children, and Father was granted reasonable visitation. At the time of the proceedings, Father was a member of the United States Army and was stationed in Korea. Mother had remarried, moved about 10 miles away, and there were some indications that the

new husband wanted to adopt the children. In any event, the relationship between Mother and Grandmother had cooled, and trouble had developed concerning grandparental visitation, which precipitated Grandmother's filing her petition for visitation. At trial she insisted upon visitation once a week, some overnights, holidays, and extended time in the summer. Mother had no objections, and testified that the grandparents should have visitation to maintain their relationship with the grandchildren. However, she disputed the extent of visitation demanded by Grandmother. The trial court entered the following decree:

> "Comes now Marjorie Sanders in person and with counsel and with her attorney, Dennis Stark, comes now Elizabeth Sanders in person and with her attorney, Richard Rennick. The Court hearing evidence now finds that it is in the best interest of the children that they have visitation with their grandparents; that during the time that the father, John Michael Sanders is not within the jurisdiction with (sic.) this court, the grandparents shall have visitation with the children as follows: in the odd number months the grandparents shall have visitation on the first weekend commencing at 10:00 a.m. Saturday through 6:00 p.m. Sunday. On the even number months the grandparents shall have visitation with the children on the first and third Saturday from 6:00 a.m. Saturday morning until 6:00 p.m. Saturday evening."

## ISSUES

I. Did the trial court commit reversible error in failing to set forth in its decree its findings and conclusions as required by I.C. 31–1–11.7–7;

II. Did the trial court err in making the paternal grandparents' visitation contingent upon the grandparents' son not being within the jurisdiction of the court;

III. Did the trial court's order for grandparents' visitation constitute an abuse of discretion in failing to grant grandparents reasonable visitation when such visitation would not interfere with the custodial rights of the mother.

## DISCUSSION AND DECISION

*Issue I.*

■ Grandmother argues that Ind.Rules of Procedure, Trial Rule 52(A)(3) mandates special findings of fact without request "in any other case provided by these rules *or by statute*". (Our emphasis)

Ind.Code 31–1–11.7–2 states that grandparents *may* seek visitation rights if the marriage of the child's parents is dissolved. Ind.Code 31–1–11.7–3 provides that "[v]isitation rights *may* be granted when the court determines that it is in the best interest of the child". (Our emphasis) The full text of Ind.Code 31–1–11.7–7 is as follows:

> "Upon hearing evidence in support of and [in] opposition to the petition filed under this chapter, the court shall enter a decree *setting forth its findings and conclusions*." (Our emphasis)

■ We are of the opinion that the statutory language is sufficiently clear to require compliance by the trial court with T.R. 52(A)(3). However, the purpose of special findings of fact and conclusions of law is to provide the reviewing court with the legal basis upon which the decision was reached. *Dean v. Dean,* (1982) Ind.App., 439 N.E.2d 1378. There is no mandate in T.R. 52 that the trial judge must state how or why he found and concluded as he did. The only statutory factors necessary to invoke the court's discretion are (1) dissolution of marriage; and (2) that such visitation would be in the best interests of the child. Factor number (1) was implicit in the proceeding and factor number (2) was found specifically by the court. These questions were resolved in favor of Grandmother. Under the circumstances of this case we fully understand the basis of the trial court's decision. Any relief which we would grant upon this issue would be in the form of a remand to the trial court with instructions to enter more specific findings and conclusions. Ind.Rules of Procedure, Appellate Rule

15(N)(4). However, such proceedings would be unnecessary and burdensome, and not in the interest of judicial economy. Grandmother cannot complain now of a favorable result of the grant of visitation privileges.

*Issues II and III: Abuse of discretion.*

■ As stated above, visitation rights to grandparents *may* be granted where the parents' marriage has been dissolved and the court determines that it is in the best interests of the child. Grandmother rightly concedes that the question of the amount of visitation is addressed to the sound discretion of the trial court. *D.H. v. J.H.,* (1981) Ind.App., 418 N.E.2d 286 (Custody); *Crowe v. Crowe,* (1946) 116 Ind.App. 534, 65 N.E.2d 645.

We are of the opinion that the amount of visitation awarded was manifestly reasonable and that no abuse of discretion was shown. This view includes the contingency that the son is not within the court's jurisdiction. Grandmother's demands would tend to absorb or encroach upon all of the children's weekends, their holidays and summers. Such would disrupt the family life of the mother, her husband and the children. Should Grandmother's demands be met, apart from and in addition to her son's visitation rights when he is home, the custodial parent would be harassed by continuous visitation and family routine would be impossible.

For the above reasons, this cause is affirmed.

Judgment affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.