**Richard Gordon HATCHER, Mayor of the City of Gary; Charles Ruckman, Controller of the City of Gary; and the City of Gary, Defendants-Appellants,**

v.

**Charles GRADDICK, Judge of the Gary City Court; and the Gary City Court, Plaintiffs-Appellees.**

No. 45A03–8608–CV–223.

Court of Appeals of Indiana, Third District.

June 30, 1987.

Alton L. Gill, Jr., Corp. Counsel, Gary, for defendants-appellants.

Nathaniel Ruff, Merrillville, for plaintiffs-appellees.

HOFFMAN, Judge.

Defendants-appellants Richard Gordon Hatcher, Mayor of the City of Gary, Charles Ruckman, Controller of the City of Gary and the City of Gary (collectively Mayor Hatcher), oppose a preliminary injunction granted by the trial court in favor of plaintiffs-appellees Charles Graddick, Judge of the Gary City Court and The Gary City Court (collectively Judge Graddick).

On appeal Mayor Hatcher raises several issues for review. As restated and consolidated the issues are:

(1) whether the trial court erred in failing to make special findings of fact as provided in Ind. Rules of Procedure, Trial Rule 52; and

(2) whether sufficient evidence was presented regarding irreparable harm, an inadequate remedy at law and a reasonable likelihood of success at trial.

This action stems from Mayor Hatcher's practice of revising the City Court's budget prior to its submission to the Gary Common Council. As judge of the Gary City Court, Judge Graddick prepared the court's budgets for 1985 and 1986. Each year Mayor Hatcher lowered the court's budget before submitting it to the Gary Common Council. The court's budget for 1986 had to be approved by the Common Council by July 31, 1986. Judge Graddick instituted the present action on July 11, 1986 taking the position that neither the Mayor nor any other member of the executive branch of government could revise the court's budget.

After a hearing on the preliminary injunction, the trial court enjoined Mayor Hatcher from taking any action on the budget prepared by Judge Graddick. This appeal ensued.

In his first issue Mayor Hatcher contends that the trial court erred in failing to make special findings as required by T.R. 52(A). The rule states that "[t]he court shall make special findings of fact without request [when] ... granting or refusing preliminary injunctions[.]"

Here, the preliminary injunction issued once the trial court found that the case revolved around a question of law and that the facts were essentially not in dispute. The purpose of special findings of fact is to provide a reviewing court with the bases upon which the decision rests. *Sanders v. Sanders* (1983), Ind.App., 452 N.E.2d 1057, 1058. However, T.R. 52 does not require a judge to state how or why the findings or decision was made. *Sanders, supra.* In a case such as this where the essential facts are not in dispute and the bases for the trial court's decision can be easily determined, no purpose would be served by remanding the cause for special findings. *See, Sanders, supra.*

Mayor Hatcher raises a second issue questioning the trial court's decision to grant the preliminary injunction. Specifically, the Mayor questions the sufficiency of the evidence regarding irreparable harm, an inadequate remedy at law and a reasonable likelihood of success at trial. On review of a preliminary injunction, the granting or denial of which lies within the sound discretion of the trial court, this Court is limited to the determination of whether the trial court's action constituted a clear abuse of that discretion. *Kozuch v. Cra-Mar Video Center, Inc.* (1985), Ind. App., 478 N.E.2d 110, 113.

A review of the record discloses evidence of irreparable harm. On direct examination, Judge Graddick testified that irreparable harm would result inasmuch as the budget had to be submitted to the city

council within a few days; and once it was revised by the executive branch, any relief granted would be nearly impossible to effect. The trial court did not err in determining that irreparable harm could result if the preliminary injunction was not granted.

Mayor Hatcher contends that Judge Graddick had an adequate remedy at law; therefore, the preliminary injunction could not issue. Mayor Hatcher directs this Court to IND.CODE § 36-4-4-5(a) (1982), the statute upon which this action is based, as the proper remedy provided by law. The statute allows a petition in a circuit or superior court by a person who maintains that an improper exercise of executive or legislative power will adversely affect that person. However, a legal remedy is not adequate merely because it exists as an alternative to an equitable remedy. *Porter Memorial Hosp. v. Malak* (1985), Ind.App., 484 N.E.2d 54, 62. Injunctive relief may be granted if it is more practicable or efficient than that afforded by law. *Porter, supra.* In the present case the statute mandates a determination of the petition by the superior court sitting *en banc.* IND.CODE § 36-4-4-5(a). The trial court noted that a significant time lapse would occur before the petition could be heard and determined *en banc.* Due to temporal limitations, the remedy at law would be ineffective.

Finally, the Mayor alleges that a reasonable likelihood of success at trial was not demonstrated. The legal authority presented to the trial court by Judge Graddick provides a sound basis for a likelihood of success on the merits of the petition. In *State ex rel. Bailey v. Webb* (1939), 215 Ind. 609, 612–613, 21 N.E.2d 421, 422–423, our Supreme Court determined that a statute which allowed the mayor to appoint various officers and employees of the city did not extend to the judicial branch of government. The Court noted the historical division between the executive and judicial branches of government. *Webb, supra.* The Court upheld the trial court's decision that the power to appoint the bailiff was held by the city judge. *Webb, supra.*

As further support, Judge Graddick referred to an Indiana Attorney General Opinion issued in 1963. The Attorney General concluded that the statute [1] allowing the mayor to fix salaries for appointive officers and other employees of the city did not control salaries of employees within the judicial branch of city government. 1963 Op.Ind.Att'y Gen. No. 42, at 233. The evidence presented to the trial court by Judge Graddick established a likelihood that his petition would prevail on the merits.

Consequently, finding no error in the trial court's determination to grant the preliminary injunction, the trial court's judgment is affirmed.

Affirmed.

GARRARD, P.J., and STATON, J., concur.

1. The statute was a forerunner to the statute involved in the present case, IND.CODE § 36-4-7-3 (1982).