In re the MARRIAGE OF Bill L. WED-
DEL, Appellant (Respondent Below),

and

Keyla Rae Weddel, Appellee
(Petitioner Below).

In re the Visitation of Shane
WEDDEL, Shaena Weddel
and Sean Weddel.

No. 36A01–8912–CV–503.

Court of Appeals of Indiana,
First District.

May 3, 1990.

Rehearing Denied June 13, 1990.

Bruce A. Mactavish, Pardieck & Gill,
Seymour, for appellant.

Margarett S. Pardieck, Montgomery, Els-
ner & Pardieck, Seymour, for appellee.

ROBERTSON, Judge.

Appellant Bill L. Weddel appeals an
award of 108 days visitation [1] to the mater-
nal grandparents of his children, arguing
that the amount of visitation is excessive
and constitutes an abuse of discretion in
that it impairs his rights as custodial par-
ent to spend his free time with his three
children, ages 8 and 6 (twins).

We affirm.

IND. CODE 31–1–11.7–2, 3 (Supp.
1989) permits an award of visitation to the
maternal grandparents of a child when the
child's natural mother is deceased, and the
court determines that it is in the best inter-
ests of the child. "In determining the best
interests of the child under this section, the
court may consider whether a grandparent
has had, or has attempted to have, mean-
ingful contact with the child." I.C. 31–1–
11.7–3. An award of visitation pursuant to
this section is reviewable for an abuse of

1. The trial court allowed appellee Morris and
Wanda Freeman to exercise visitation with their
grandchildren every other weekend, alternative
holidays, six weeks during the summer, Easter
vacation, and one week at Christmas.

discretion. *Sanders v. Sanders* (1983), Ind.App., 452 N.E.2d 1057, 1059.

■ The evidence of record favorable to the trial court's decision establishes that the maternal grandparents have spent significant amounts of time on a continuing, predictable basis with their grandchildren, at least from the birth of the twins in April, 1986 until the murder of their daughter Keyla Weddel in August, 1988, when appellant Weddel obtained physical custody of the children. For nearly all of that time, the children either resided with their grandparents or lived in a trailer with their mother in the Freemans' back yard. Mrs. Freeman babysat with the children while Keyla worked. It is not disputed that the Freemans and Keyla functioned as an extended family and the children have deep, loving relationships with their grandparents which their father feels is in their best interests to maintain. Weddel concedes that the Freemans "were their life" when his former wife was alive.

Weddel proposed that "at a minimum," the children should spend with their grandparents one weekend a month plus one Saturday on the alternative weekend, the week before Christmas, three weeks during the summer, every other holiday and whatever special occasions arise, in order to maintain their relationship with their grandparents. In essence then, the order appealed from gives the Freemans three additional weeks in the summer, a week at Easter and one additional day per month.

As the Freemans put it, the question in this case is how much time is appropriate.

In determining the import and decisive character of the evidence on this question, the trial judge before whom the parties and witnesses appeared, is clothed with the responsibility of evaluation. We are not at liberty to substitute our judgment or appellant Weddel's judgment for that of the trial court. *Marshall v. Reeves* (1974), 262 Ind. 107, 311 N.E.2d 807, 811. We cannot say that the decision to allow the grandparents one additional day per month, a week at Easter and three additional weeks in the summer, given the nature of their relationship with the children, is so illogical as to warrant reversal.

■ Weddel also urges us to remand this case for specific findings of fact. We decline. In a case such as this where the essential facts are not in dispute and the basis for the trial court's decision can be easily determined, no purpose would be served by remanding this case for special findings. *Hatcher v. Graddick* (1987), Ind. App., 509 N.E.2d 258, 259. *See also Sanders v. Sanders* (1983), Ind.App., 452 N.E.2d 1057, 1058.

Judgment affirmed.

RATLIFF, C.J., and BAKER, J., concur.